IN THE MATTER OF:  MILLER, A Minor Child

No. COA02-1580

(Filed 20 January 2004)

**Termination of Parental Rights— subject matter jurisdiction— standing**

　　The proceedings to terminate respondent mother's parental rights were a nullity and the order is therefore vacated, because the trial court lacked subject matter jurisdiction over the case based on the fact that the Department of Social Services (DSS) lacked standing to file a petition for termination of parental rights when at the time of the filing of the petition DSS did not have custody of the child. N.C.G.S. § 7B-1103(a).

IN RE MILLER

[162 N.C. App. 355 (2004)]

Appeal by respondent from orders entered 9 August 2002 and 5 September 2002 by Judge R. Les Turner in Wayne County District Court. Heard in the Court of Appeals 27 October 2003.

*No brief filed on behalf of petitioner-appellee, Wayne County Department of Social Services.*

*Rebekah W. Davis, for respondent-appellant.*

*No brief filed on behalf of the guardian ad litem.*

GEER, Judge.

Respondent Tomiko Shanntell Miller, the mother of four-year-old Devante TyQuez Miller, appeals from the termination of her parental rights. We conclude that the Wayne County Department of Social Services ("DSS") lacked standing to file a petition for termination of parental rights because, at the time of the filing of the petition, DSS did not have custody of the child. We therefore vacate the district court's order terminating Ms. Miller's parental rights for lack of subject matter jurisdiction.

## Facts

In April 2001, DSS received a telephone call from an individual who claimed that respondent had given Devante to Larry and LaSonya Jackson so that the Jacksons could adopt him. Later that month, DSS filed a petition alleging that Devante was neglected and dependent. Although an order does not appear in the record, the court at some point granted custody of Devante to DSS. On 18 June 2001, the district court entered an order adjudicating Devante as neglected and dependent, continuing custody of the child with DSS, and authorizing DSS to place him in the Jacksons' home.

Following a permanency planning hearing on 25 October 2001, the court in an order filed 1 February 2002 found that "Lasonya and Larry Jackson are fit and proper persons to have custody of the juvenile" and ordered "[t]hat the custody of Devante Miller is placed with Lasonya and Larry Jackson." The guardian ad litem ("GAL") who had previously been appointed to represent the interests of Devante was relieved of her duties. In subsequent orders, the district court continued to grant custody of Devante to the Jacksons.

On 1 March 2002, DSS filed a petition to terminate the respondent mother's parental rights (the "TPR petition"). On 7 May 2002, respondent answered the petition, denying the allegations of aban-

donment and neglect. The court appointed an attorney advocate to represent Devante on 22 May 2002, but did not appoint a new GAL.

On 11 July 2002, the court held an adjudicatory hearing on the TPR petition. The court appointed a GAL on 29 July 2002 and held a dispositional hearing on the TPR petition on 8 August 2002. The court entered an order on 9 August 2002 finding that grounds to terminate respondent's parental rights existed. On 5 September 2002, the court entered an order terminating respondent's parental rights. Respondent filed notice of appeal on 10 September 2002.

---

Respondent has raised several assignments of error in this appeal, including a contention.that DSS lacked standing to initiate a proceeding to terminate her parental rights since DSS did not have custody of the minor child. Standing is jurisdictional in nature and "[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved." *In re Will of Barnes*, 157 N.C. App. 144, 155, 579 S.E.2d 585, 592, *disc. review denied, appeal dismissed*, 357 N.C. 460, 587 S.E.2d 94 (2003). Because we agree that DSS lacked standing, we need not reach respondent's remaining assignments of error.

"Standing is a requirement that the plaintiff [has] been injured or threatened by injury or [has] a statutory right to institute an action." *In re Baby Boy Scearce*, 81 N.C. App. 531, 541, 345 S.E.2d 404, 410 (1986). In North Carolina, the General Assembly has prescribed by statute who has standing to file a TPR petition. N.C. Gen. Stat. § 7B-1103(a) provides:

(a) A petition or motion to terminate the parental rights of either or both parents to his, her, or their minor juvenile may *only* be filed by one or more of the following:

(1) Either parent seeking termination of the right of the other parent.

(2) Any person who has been judicially appointed as the guardian of the person of the juvenile.

(3) *Any county department of social services, consolidated county human services agency, or licensed child-placing agency to whom custody of the juvenile has been given by a court of competent jurisdiction.*

    (4) *Any county department of social services, consolidated county human services agency, or licensed child-placing agency to which the juvenile has been surrendered for adoption by one of the parents or by the guardian of the person of the juvenile, pursuant to G.S. 48-3-701.*

    (5) Any person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion.

    (6) Any guardian ad litem appointed to represent the minor juvenile pursuant to G.S. 7B-601 who has not been relieved of this responsibility.

    (7) Any person who has filed a petition for adoption pursuant to Chapter 48 of the General Statutes.

N.C. Gen. Stat. § 7B-1103(a) (2003) (emphasis added). This Court observed that the predecessor statute, containing language virtually identical to the current statute, "limit[ed] the persons or agencies who may petition for termination of parental rights." *In re Manus*, 82 N.C. App. 340, 342, 346 S.E.2d 289, 291 (1986) (citing former N.C. Gen. Stat. § 7A-289.24).

    DSS did not identify a factual basis for its standing in the petition. Under the circumstances of this case, only N.C. Gen. Stat. § 7B-1103(a)(3) potentially applies. Under that subsection, DSS may file a TPR petition only if a court has given DSS custody of the juvenile. *See also Manus*, 82 N.C. App. at 342-43, 346 S.E.2d at 291 ("A county department of social services, to whom custody of a child has been given by court order, has standing to maintain such an action.").

    At the time DSS filed its petition on 1 March 2002, DSS no longer had custody of Devante. The order filed on 1 February 2002 as a result of a permanency planning hearing on 25 October 2001 stated that "the custody of Devante Miller is placed with Lasonya and Larry Jackson." Because DSS no longer had custody of the child, DSS lacked standing, under the plain language of N.C. Gen. Stat. § 7B-1103(a), to file a petition to terminate respondent's parental rights.

    A North Carolina court has subject matter jurisdiction only if the petitioner or plaintiff has standing. *Sarda v. City/County of Durham Bd. of Adjustment*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003).

**IN RE MILLER**

[162 N.C. App. 355 (2004)]

Further, "[i]f a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction." *State v. Linemann*, 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999). *See also Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964) ("A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity.").

Here, because the trial court lacked subject matter jurisdiction over the case, the proceedings to terminate respondent's parental rights were a nullity. We therefore vacate the order from which respondent appeals.

Vacated.

Chief Judge EAGLES and Judge HUNTER concur.