**IN RE E.T.S.**

[175 N.C. App. 32 (2005)]

IN THE MATTER OF: E.T.S.

No. COA05-82

(Filed 20 December 2005)

### 1. Termination of Parental Rights— subject matter jurisdiction—standing—termination of parental rights

The trial court had subject matter jurisdiction based on N.C.G.S. § 7B-1103(a)(5) to terminate respondent mother's parental rights, because: (1) a child having resided with a person for two years provides the necessary standing to initiate a termination of parental rights action pursuant to N.C.G.S. § 7B-1103(a)(5), the minor child has lived continuously with petitioner since December 1999, and the petition for termination was filed 17 December 2002; and (2) contrary to the assertion made in the dissenting opinion, the two year period required under N.C.G.S. § 7B-1103(a)(5) was not tolled until respondent mother reached the age of majority in February 2001 even though she did not have a guardian ad litem appointed in the earlier proceedings since respondent was an adult the entire pendency of the termination of parental rights proceedings, was represented by counsel, and at no time did she attempt to directly attack the prior proceedings based on the failure of the trial court to appoint a guardian ad litem.

### 2. Appeal and Error— preservation of issues—failure to contest admission of orders—failure to appeal from orders

Although respondent mother contends the trial court erred by relying on prior orders in other files to conclude that grounds existed to terminate her parental rights even though the orders were obtained when she was a minor and no guardian ad litem had been appointed for respondent, this assignment of error is dismissed, because: (1) respondent did not contest the admission of these orders in the instant proceeding as required by N.C. R. App. P. Rule 10; (2) respondent never appealed the orders she now contests, even though she was represented by counsel in all those proceedings; and (3) the Court of Appeals declined to review these orders under N.C. R. App. P. Rule 2.

**3. Termination of Parental Rights— grounds—neglect—sufficiency of evidence**

The trial court did not err by concluding that grounds existed to terminate respondent mother's parental rights based on neglect, because: (1) although respondent assigned as error numerous findings of fact in the termination order, she did not make any specific argument in her brief that any of these findings of fact were not supported by clear, cogent, and convincing evidence, and thus, respondent abandoned this assignment of error; and (2) the findings of fact support the trial court's conclusion of neglect under N.C.G.S. § 7B-1111(a)(1) when the findings demonstrated that respondent failed to maintain stable housing, was unemployed at the time of the termination hearing, failed to comply with the child support order effective 1 June 2001 by missing numerous payments or by submitting incomplete payments, had on more than one occasion left her minor child with others to be cared for, including the incident initiating the minor child's removal from respondent's custody when she left the child with her housemate and disappeared which prompted the housemate to contact petitioner, failed to provide proper medication to the child, had attempted suicide, had not cooperated with social workers, did not follow through with mental health counseling, did not complete parenting classes, had only visited or contacted the minor child on a sporadic basis between December 1999 and Easter 2001, made no phone calls and sent no letters or cards between these visits, and had not visited the child at all from Easter 2001 until the hearing in April and May 2004 but made only a couple of phone calls.

**4. Termination of Parental Rights— best interests of child—abuse of discretion standard**

The trial court did not abuse its discretion by concluding that it was in the best interests of the child to terminate respondent mother's parental rights, because: (1) the findings revealed that the child has been living continuously with petitioner since December 1999, and also with petitioner's husband and his son since their marriage in July 2001; (2) the child considers petitioner's stepson her big brother; and (3) respondent's personal situation has not improved or stabilized to a significant degree since the child was placed in the care of petitioner in 1999, even though respondent has been aware of petitioner's intent to adopt the minor child since mid 2002.

IN RE E.T.S.

[175 N.C. App. 32 (2005)]

**5. Appeal and Error— preservation of issues—failure to argue**

The remaining assignments of error that respondent failed to argue in her brief in a termination of parental rights case are deemed abandoned under N.C. R. App. P. Rule 28(b)(6).

Judge TYSON dissenting.

Appeal by respondent mother from order entered 7 June 2004 by Judge Lawrence C. McSwain in Guilford County District Court. Heard in the Court of Appeals 14 September 2005.

*Joyce L. Terres, for petitioner-appellee Guilford County Department of Social Services.*

*Anne R. Littlejohn, for petitioner-appellee Guardian ad Litem.*

*Richard Croutharmel, for respondent-appellant.*

STEELMAN, Judge.

E.T.S. was born in May of 1998. At the time of the child's birth, appellant-mother (respondent) was 15 years old. From her birth until October 1998, the child resided with respondent and petitioner Kelli Williams (now Kelli Williams Neal) (petitioner) in Albemarle, Stanly County, North Carolina. From October 1998 until July of 1999, the child resided with respondent in Albemarle. From July 1999 through October 1999 the child resided with the petitioner in Guilford County, North Carolina. From October 1999 until December 1999, the child resided with respondent in Albemarle. In December 1999, petitioner retrieved the child and took the child to her home in Guilford County. On 21 December 1999, the Stanly County Department of Social Services filed a juvenile petition in the District Court of Stanly County, alleging neglect and dependency. The petition outlined a history of neglect by respondent going back to July of 1999. Respondent left the child with a caretaker in December 1999, and then could not be located. Respondent failed to administer prescribed medicine to the child. On 19 December 1999, respondent was admitted to Stanly Memorial Hospital for an attempted drug overdose. Between July 1999 and December 1999, respondent moved five times. On 23 December 1999, a memorandum of agreement and order was entered in the District Court of Stanly County vesting legal custody of E.T.S. in Stanly County Department of Social Services, and physical custody in petitioner. On 23 March 2000, an adjudication/disposition order was entered by the District Court of Stanly County, which found

IN RE E.T.S.

[175 N.C. App. 32 (2005)]

dependency and confirmed the legal and physical custody arrangements of the previous order. On 17 January 2001, an order was entered arising from a hearing on 27 July 2000. This order stated: "That the legal and physical custody of the minor child E.T.S. shall remain with Kelli Williams." At all times during the proceedings in Stanly County, respondent was represented by counsel. There was a guardian *ad litem* for E.T.S., but the record does not show that a guardian *ad litem* was appointed for respondent, even though she was less than 18 years of age during these proceedings. E.T.S. has continuously resided with petitioner in Guilford County since December 1999. Petitioner married Christopher Cheva Neal (along with petitioner, "petitioners") in July of 2002, and E.T.S. has lived together with them and Mr. Neal's son since that date.

On 17 October 2002, petitioners filed a petition to terminate the parental rights of both the mother and father of E.T.S. in Guilford County. On 7 June 2004, Judge McSwain entered an order terminating both parents' parental rights. From this order, respondent appeals.

[1] In respondent's first argument, she contends that the trial court did not acquire subject matter jurisdiction over her and that the order terminating her parental rights must be vacated. We disagree.

In North Carolina, standing is "jurisdictional in nature and 'consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.' " *In re Miller*, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004) (quoting *In re Will of Barnes*, 157 N.C. App. 144, 155, 579 S.E.2d 585, 592 (2003)). This Court recognizes its duty to insure subject matter jurisdiction exists prior to considering an appeal. *In re N.R.M.*, 165 N.C. App. 294, 296-98, 598 S.E.2d 147, 148-49 (2004).

Respondent argues that petitioners never obtained standing to file their petition to terminate her parental rights under N.C. Gen. Stat. § 7B-1103(a), and therefore the trial court never obtained jurisdiction over the subject matter of this case. N.C. Gen. Stat. § 7B-1103(a) provides, in relevant part:

> A petition or motion to terminate the parental rights of either or both parents to his, her, or their minor juvenile may only be filed by one or more of the following:
>
> . . . .

**IN RE E.T.S.**

[175 N.C. App. 32 (2005)]

(5) Any person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion.

. . . .

(7) Any person who has filed a petition for adoption pursuant to Chapter 48 of the General Statutes.

Respondent argues that the trial court erroneously based its subject matter jurisdiction on N.C. Gen. Stat. § 7B-1103(a)(7), because petitioners did not properly file their petition for adoption pursuant to Chapter 48. Because we find that the trial court had subject matter jurisdiction based on N.C. Gen. Stat. § 7B-1103(a)(5), we do not address respondent's argument.

N.C. Gen. Stat. § 7B-1103 limits the parties who can file a termination of parental rights action to persons or agencies having an interest in the child. A child having resided with a person for two years provides the necessary standing to initiate a termination of parental rights action pursuant to N.C. Gen. Stat. § 7B-1103(a)(5). In the instant case, E.T.S. has lived continuously with petitioner since December of 1999. The petition for termination was filed 17 December 2002, over two years after E.T.S. began living with petitioner. This fact establishes petitioner's standing to petition for the termination of respondent's parental rights under N.C. Gen. Stat. § 7B-1103(a)(5). Therefore, the trial court had subject matter jurisdiction over this matter.

The dissent argues that the two year period required under N.C. Gen. Stat. § 7B-1103(a)(5) was tolled until respondent reached the age of majority in February of 2001 because she did not have a guardian *ad litem* appointed in the earlier Stanly County proceedings. According to the dissent, the alleged tolling of the two year period divested the trial court of jurisdiction to hear the termination of parental rights petition. We find this proposition to be unsupported by the statutes and case law of North Carolina.

This Court recently decided the question of whether the failure to appoint a guardian *ad litem* for a parent in a dependency adjudication proceeding constitutes grounds for reversal of a later termination of parental rights order. We held that it did not. *In re O.C.*, 171 N.C. App. 457, 615 S.E.2d 391 (2005), *disc. review denied*, 360 N.C. 64, 623 S.E.2d 587 (2005). In that case, we noted the clear distinction

between the situation where the trial court fails to appoint a required guardian *ad litem* in the proceedings on appeal (which requires reversal), and where the court fails to appoint a guardian *ad litem* in prior adjudication proceedings (which does not require reversal). Judge Levinson gave three clear reasons why the law compels this result.

> We make several additional observations which help illustrate the fallacy of respondent's argument that, where the trial court fails to appoint a GAL for the parent during the adjudication proceedings, a later order on termination of parental rights must be reversed. First, this would create uncertainty and render judicial finality meaningless. Termination orders entered three, five, even ten years after the initial adjudication could be cast aside. Secondly, by necessarily tying the adjudication proceedings and termination of parental rights proceedings together, respondent misapprehends the procedural reality of matters within the jurisdiction of the district court: Motions in the cause and original petitions for termination of parental rights may be sustained irrespective of earlier juvenile court activity. *See In re R.T.W.*, 2005 N.C. LEXIS 646, 30, 359 N.C. 539, 553, 614 S.E.2d 489, 497 (2005) ("Each termination order relies on an independent finding that clear, cogent, and convincing evidence supports at least one of the grounds for termination under N.C.G.S. § 7B-1111. . . . Simply put, a termination order rests upon its own merits."). Thirdly, even if respondent was entitled to a GAL for the proceedings associated with the earlier dependency proceedings, there cannot be prejudice to her in the termination proceedings because she was not even entitled to the appointment of a GAL for the termination proceedings. Finally, respondent's argument does not account for the fact that circumstances surrounding an individual change over time: The parent may no longer have the concerns which caused his or her incapacity months or years earlier.

> Finally, the consequences of reversing termination orders for deficiencies during some prior adjudication would yield nonsensical results. While the order on termination would be set aside, the order on adjudication would not; consequently, the order on adjudication would remain a final, undisturbed order in all respects. This would generate a legal quagmire for the trial court: It has continuing jurisdiction over these children by operation of the undisturbed order on adjudication, but must "undo" everything following the time the children were initially removed from

**IN RE E.T.S.**

[175 N.C. App. 32 (2005)]

the home if it ever wishes to enter a valid termination of parental rights order. This assignment of error is overruled.

*Id.* at 463-64, 615 S.E.2d at 396.

It should be noted in the instant case that the respondent was an adult during the entire pendency of the termination of parental rights proceedings and was represented by counsel. At no time did she attempt to directly attack the prior proceedings in Stanly County based on the failure of the trial court to appoint a guardian *ad litem*.

N.C. Gen. Stat. § 7B-1103 limits the parties who can file a termination of parental rights action to persons or agencies having an interest in the child. The child having resided with a person for two years provides a basis for a person to have standing to initiate a termination of parental rights action pursuant to N.C. Gen. Stat. § 7B-1103(a)(5). This requirement is based upon the relationship between the petitioner and the child.

The case of *Bryant v. Adams*, 116 N.C. App. 448, 448 S.E.2d 832 (1994), which holds that a statute of limitations is tolled during the minority of a plaintiff, is not applicable. While *Bryant* correctly states the law, it does not follow that the two year requirement of N.C. Gen. Stat. § 7B-1103(a)(5) is a statute of limitations or the equivalent of such. This statute confers standing on petitioners based on their two year relationship with the child, which is in no manner related to the respondent or her relationship with the child during that two year period. N.C. Gen. Stat. § 7B-1103(a)(5) (emphasis added) grants standing to: "Any person with whom the juvenile has *resided* for a continuous period of two years or more next preceding the filing of the petition or motion." The person or persons with whom legal custody lies during this time period is irrelevant. This argument is without merit.

**[2]** In her second argument, respondent contends that the trial court erred by relying on prior orders in other files to conclude that grounds existed to terminate her parental rights. We disagree.

Respondent argues that the trial court erred in relying on prior Stanly County orders because they were obtained when she was a minor and no guardian *ad litem* had been appointed to her. Respondent admits that she did not contest the admission of these orders in the instant proceeding as required by N.C. R. App. P. Rule 10. Further, respondent never appealed the orders she now contests, even though she was represented by counsel in all those proceedings.

Nonetheless, respondent requests that we review the admission and consideration of those orders for error pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. We decline to do so. *See Viar v. N.C. DOT*, 359 N.C. 400, 610 S.E.2d 360 (2005). This argument is without merit.

**[3]** In her third argument, respondent contends that the trial court erred in concluding that grounds existed to terminate her parental rights based on neglect. We disagree.

Parental rights may be terminated if the trial court determines that a child has been neglected by its parents. N.C. Gen. Stat. § 7B-1111(a)(1). A neglected juvenile is defined as:

> A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101.

> "The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child.

*In re Shepard*, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (2004) (citations omitted). Though respondent assigned as error numerous findings of fact in the termination order, she does not make any specific argument in her brief that any of these findings of fact were not supported by clear, cogent and convincing evidence. Having failed to argue these assignments of error in her brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6), *Strader v. Sunstates Corp.*, 129 N.C. App. 562, 567, 500 S.E.2d 752, 755 (1998). Our review is thus limited to whether the trial court's findings of fact support its conclusion of law. *First Union Nat'l Bank v. Bob Dunn Ford, Inc.*, 118 N.C. App. 444, 446, 455 S.E.2d 453, 454 (1995).

The trial court's findings of fact demonstrate that respondent failed to maintain stable housing; was unemployed at the time of the

termination hearing; had failed to comply with the child support order effective 1 June 2001 by missing numerous payments, or submitting incomplete payments; had on more than one occasion left E.T.S. with·others to be cared for, including the incident initiating E.T.S.' removal from respondent's custody where she left the child with her house-mate and disappeared, prompting the house-mate to contact petitioner; failed to provide proper medication to the child; had attempted suicide; had not cooperated with social workers; did not follow through with mental health counseling, nor complete parenting classes; only visited or contacted E.T.S. on a sporadic basis between December 1999 and Easter of 2001; made no phone calls and sent no letters or cards between these visits; and from Easter of 2001 until the hearing in April and May of 2004 (some three years), had not visited the child at all (nor requested any such visit), and had made only a "couple" of phone calls.

We hold that these findings of fact support the trial court's conclusion that E.T.S. is a neglected juvenile as defined in N.C. Gen. Stat. § 7B-101. The findings thus support the trial court's finding of neglect under N.C. Gen. Stat. § 7B-1111(a)(1). We note that because we have determined the trial court did not err in finding neglect, we do not address respondent's arguments concerning the trial court's conclusions of law relating to N.C. Gen. Stat. §§ 7B-1111(a)(3) and (7). *In re Yocum*, 158 N.C. App. 198, 204, 580 S.E.2d 399, 403-04 (2003), *aff'd*, 357 N.C. 568, 597 S.E.2d 674 (2003). This argument is without merit.

[4] In respondent's sixth and seventh arguments, she contends that the trial court erred and abused its discretion in concluding that it was in the best interests of the child to terminate respondent's parental rights. We disagree.

"Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court *shall* issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated." N.C. Gen. Stat. § 7B-1110(a) (emphasis added). "The trial court's decision to terminate parental rights is reviewed on an abuse of discretion standard." *In re Yocum*, 158 N.C. App. 198, 206, 580 S.E.2d 399, 404 (2003).

In addition to the findings of fact recited above, the trial court entered additional findings of fact in support of its determination that termination was in the best interests of the child. These findings state

**IN RE E.T.S.**

[175 N.C. App. 32 (2005)]

that the child has been living continuously with petitioner since December of 1999, and with petitioner's husband and his son since their marriage in July 2001. E.T.S. consider's petitioner's step-son her big brother. Though respondent has been aware of petitioners' intent to adopt E.T.S. since mid 2002, her "personal situation has not improved or stabilized to a significant degree since the child was placed in the care of [petitioner] in 1999." We hold that the trial court did not abuse its discretion in determining that termination was in the best interests of E.T.S. This argument is without merit.

**[5]** Because defendant has not argued her other assignments of error in her brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).

AFFIRMED.

Judges HUNTER concurs.

Judge TYSON dissents.

TYSON, Judge dissenting.

## I.  Jurisdiction

In North Carolina, "standing is jurisdictional in nature and 'consequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.' " *In re Miller*, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004) (quoting *In re Will of Barnes*, 157 N.C. App. 144, 155, 579 S.E.2d 585, 592, *disc. rev. denied*, 357 N.C. 460, 586 S.E.2d 96 (2003)).

This Court has stated:

regardless of whether subject matter jurisdiction is raised by the parties, this Court may review the record to determine if subject matter jurisdiction exists in [the] case. A court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action *ex mero motu* when subject matter jurisdiction is lacking.

. . . .

Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. Jurisdiction of the court over the subject matter of an action is

the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute.

*In re N.R.M.*, 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004) (internal quotations omitted).

In North Carolina the rule is that the statute of limitations begins to run against an infant or an insane person who is represented by a guardian at the time the cause of action accrues. *If he has no guardian at that time, then the statute begins to run upon the appointment of a guardian or upon the removal of his disability* as provided by G.S. § 1-17, *whichever shall occur first.*

*Bryant v. Adams*, 116 N.C. App. 448, 459, 448 S.E.2d 832, 837 (1994) (citations omitted) (emphasis supplied), *disc. rev. denied*, 339 N.C. 736, 454 S.E.2d 647 (1995).

N.C. Gen. Stat. § 7B-1103(5) (2003) provides, "[a]ny person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition" may file a petition to terminate parental rights.

This Court in *In re Miller*, held DSS did not have standing to file a petition to terminate respondent's parental rights in accordance with N.C. Gen. Stat. § 7B-1103(3). 162 N.C. App. at 359, 590 S.E.2d at 866. When DSS filed its petition to terminate the respondent's parental rights, DSS no longer had custody of the minor child. *Id.* at 358, 590 S.E.2d at 866. "Because DSS no longer had custody of the child, DSS lacked standing, under the plain language of N.C. Gen. Stat. § 7B-1103(a), to file a petition to terminate respondent's parental rights." *Id.*

Here, the trial court lacked subject matter jurisdiction to terminate respondent's parental rights. Petitioners' petition, filed 17 December 2002, alleged E.T.S. had resided with them for over two years. The trial court asserted jurisdiction over these proceedings based solely on this claim. N.C. Gen. Stat. § 7B- 1103(5). However, when petitioners received custody of E.T.S. and when the petition was filed, respondent was a minor under legal disability. Respondent was not represented by an appointed guardian when: (1) DSS intervened and filed a petition for non-secure custody; (2) E.T.S. was adjudicated dependent; (3) petitioners gained custody of E.T.S.; or (4) the petition before us was filed. N.C. Gen. Stat. § 1A-1, Rule 17 (2003).

**IN RE E.T.S.**

[175 N.C. App. 32 (2005)]

Although evidence was presented to show E.T.S. had lived with petitioners for over two years, a substantial portion of that time period was tolled until either the court appointed a guardian or respondent attained legal majority. *Id.* Until a guardian was appointed or respondent attained legal majority, respondent remained under a legal disability. The two-year time period required to confer jurisdiction on the trial court under the grounds asserted in the petition had not yet accrued after respondent's legal disability was removed. The petition for termination of respondent's parental rights filed by petitioners was fatally flawed and failed to vest jurisdiction to the trial court.

The majority's opinion cites this Court's decision in *In re O.C.*, 171 N.C. App. 457, 615 S.E.2d 391, *disc. rev. denied*, 360 N.C. 64, 623 S.E.2d 587 (2005). The facts and applicable law in *In re O.C.* have no bearing or precedential authority here. In *In re O.C.*, the respondent alleged that she was entitled to a guardian ad litem under N.C. Gen. Stat. § 7B-1101 and § 1111(a)(6), which mandates a guardian ad litem to be appointed to a parent where it is alleged that the parent's rights should be terminated and the parent is incapable of providing for the minor child due to substance abuse, mental retardation, etc. *Id.* at 460-61, 615 S.E.2d 394. The respondent, in *In re O.C.*, was an adult and at all times during the proceeding did not assert a jurisdictional claim. This Court held that the respondent was not entitled to the appointment of a guardian ad litem because the motion to terminate her parental rights failed to allege the respondent was incapable of providing for her minor children due to a debilitating condition. *Id.* at 461, 615 S.E.2d 396.

The respondent, in *In re O.C.*, also argued she should have been appointed a guardian ad litem under N.C. Gen. Stat. § 7B-602(b)(1) during the dependency adjudication proceedings, because she was incapable of providing support to her minor children as a result of her substance abuse. This Court held that even if respondent had erroneously been denied the appointment of a guardian ad litem at the proceedings, "there is no statutory authority for the proposition that the instant order is reversible because of a [guardian ad litem] appointment deficiency that may have occurred years earlier." *Id.* at 461, 615 S.E.2d at 395.

Here, it is undisputed that respondent was a minor and under a legal disability at the time of the dependency adjudication proceedings. N.C. Gen. Stat. § 7B-602 was not in effect until June 2001, six months after the proceedings in this case were completed. However,

IN RE E.T.S.

[175 N.C. App. 32 (2005)]

Rule 17 of the North Carolina Rules of Civil Procedure mandates, "[i]n actions or special proceedings when any of the defendants are infants or incompetent persons, whether residents or nonresidents of this State, they must defend by general or testamentary guardian, if they have any within this State or by guardian ad litem appointed as hereinafter provided." N.C. Gen. Stat. § 1A-1, Rule 17. The trial court did not appoint respondent a guardian ad litem when one was clearly mandated under N.C. Gen. Stat. § 1A-1, Rule 17. As a minor under legal disability, any adjudication affecting her legal or parental rights was void in the absence of a guardian who could legally accept service, appear on respondent's behalf, assert her claims, and protect her constitutional rights. The facts or holding in *In re O.C.* are not analogous or relevant to this case.

The trial court's failure to appoint a guardian ad litem for respondent in the dependency adjudication proceedings, when the child was removed from her custody, or at the time the present petition to terminate her rights was filed, voids the trial court's assertion of subject matter jurisdiction in the hearing to terminate her parental rights and requires its order to be vacated.

Petitioners filed for the termination of respondent's parental rights in accordance with N.C. Gen. Stat. § 7B-1103(5). Petitioners gained custody of the minor child from respondent at the dependency adjudication proceedings. After petitioners retained custody of E.T.S. for two years, they filed the petition to terminate respondent's parental rights. Petitioners' petition was erroneously granted because when E.T.S. was adjudicated dependent and custody over E.T.S. was taken away, respondent was not represented by a statutorily required guardian ad litem. This omission is deemed "prejudicial error per se." *Id.* The two years that elapsed while the minor child remained in petitioners' illegally obtained custody, standing alone, does not provide any basis under N.C. Gen. Stat. § 7B-1103(5) for petitioners to petition for the trial court to assert jurisdiction to adjudicate the matter or to terminate respondent's parental rights.

## II. Conclusion

The trial court erred in asserting subject matter jurisdiction over respondent and E.T.S. Petitioners' petition solely asserted a two-year time period as grounds for jurisdiction to file the petition. E.T.S. was adjudicated dependent, custody was removed from respondent, and a portion of the two-year required time period all occurred while respondent was a minor. No statutorily required guardian was ap-

pointed to represent respondent's interests or to assert her rights as a minor when the adjudication was made that placed E.T.S. in petitioners' custody or when the present petition was filed. The failure of the court to appoint a guardian for respondent was "prejudicial error per se." *Id.* I vote to vacate the trial court's judgment. I respectfully dissent.