IN RE: K.N.M. and Y.M.M.
No. COA09-347
Court of Appeals of North Carolina
Filed: August 4, 2009
This case not for publication
Laura M. Watts-Whitley, for petitioner-appellee Craven County Department of Social Services.
Parker Poe Adams & Bernstein LLP, by Kristy L. Rice, for Guardian ad Litem.
Windy H. Rose, for respondent-appellant mother.
STEELMAN, Judge.
Where mother failed to appear at the original neglect and dependency proceeding, the trial court did not commit prejudicial error by failing to appoint provisional counsel to represent her. The trial court's unchallenged findings of fact are binding on appeal and establish that (1) mother willfully abandoned the juveniles for at least six consecutive months immediately preceding the filing of the termination petition in order to avoid arrest and (2) it was in the juveniles' best interests for mother's parental rights to be terminated.

I. Factual and Procedural Background
On 9 May 2007, the Craven County Department of Social Services (DSS) filed petitions alleging that K.M. and Y.M., as well as a sibling, T.M., were neglected and dependent juveniles. T.M. is not a subject of this appeal. In late January or early February 2007, S.M., the mother of the juveniles (mother), left K.M. with Carolyn Fullmore, a family friend; Y.M. with Carolyn Gatlyn, a family friend; and T.M. with his paternal grandmother. Mother told these various persons that she and Thomas M. (father) were going to Myrtle Beach, South Carolina for a weekend vacation. When mother left North Carolina she was on probation for the felony of obtaining property by false pretenses and knew that leaving the state without informing her probation officer was a violation of her probation. Father was also on probation. At the time DSS filed the petitions, mother and father had not contacted the persons with whom the juveniles were left, and their "current whereabouts [were] unknown." DSS obtained custody by non-secure custody orders.
An adjudicatory hearing was held on 31 August 2007. Neither mother nor father appeared at the hearing. The trial court found as fact that their "last known whereabouts" were in Myrtle Beach, South Carolina, and that they had been served by publication. The trial court further found that mother and father had: (1) failed to maintain contact with the juveniles; and (2) failed to leave "adequate provisions" to care for the juveniles. The trial court noted that DSS had received reports that mother and father were wanted by law enforcement in North Carolina and South Carolina, and might be hiding from law enforcement to avoid arrest. On 19 November 2007, nunc pro tunc 31 August 2007, the trial court adjudicated K.M. and Y.M. to be neglected and dependent juveniles.
On 7 February 2008, DSS filed petitions to terminate both mother and father's parental rights. At the time DSS filed the petitions, mother and father's whereabouts were still unknown, and they were still subject to arrest. DSS alleged three grounds for termination: (1) that mother and father had neglected the juveniles under N.C. Gen. Stat. §§ 7B-101(15) and -1111(a)(1); (2) mother and father were incapable of providing for the proper care and supervision of the juveniles, that they were dependent juveniles under N.C. Gen. Stat. § 7B-101(9), and there was a reasonable probability that such incapability would continue for the foreseeable future under N.C. Gen. Stat. § 7B-1111(a)(6); and (3) that mother and father willfully abandoned the juveniles for at least six consecutive months immediately preceding the filing of the petitions under N.C. Gen. Stat. §7B-1111(a)(7).
In April 2008, mother was arrested in Myrtle Beach on a probation violation. Mother waived extradition and was transported to New Bern, North Carolina. On 9 May 2008, mother appeared in court for the first time in this matter, and was appointed counsel. Father did not return to New Bern, North Carolina until June 2008, although he knew the juveniles were in the custody of DSS by December 2007.
A hearing was held on the petitions to terminate mother and father's parental rights on 24 November 2008. The trial court concluded that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (6), and (7) to terminate both mother and father's parental rights. The trial court further concluded that it was in the juveniles' best interests that mother and father's parental rights be terminated. Mother appeals. The record does not contain a notice of appeal as to father.

II. Appointment of Provisional Counsel
In her first argument, mother contends the trial court erred when it failed to appoint provisional counsel to represent her in the original neglect and dependency proceeding. She further asserts that the failure to appoint provisional counsel violated her due process rights. We disagree.
At the outset, we note mother is attempting to have the trial court's termination order invalidated based upon an alleged defect in a prior adjudicatory hearing. "[O]ur Supreme Court and this Court have previously rejected attempts to link initial adjudication and termination of parental rights orders in such a way as to make the termination of parental rights order dependent on the validity of the initial adjudication order." In re E.X.J., ___ N.C. App. ___, ___, 662 S.E.2d 24, 30 (2008), aff'd per curiam, 363 N.C. 9, 672 S.E.2d 19 (2009). "[B]y necessarily tying the adjudication proceedings and termination of parental rights proceedings together, respondent misapprehends the procedural reality of matters within the jurisdiction of the district court: Motions in the cause and original petitions for termination of parental rights may be sustained irrespective of earlier juvenile court activity." In re E.T.S., 175 N.C. App. 32, 37, 623 S.E.2d 300, 303 (2005) (quoting In re O.C., 171 N.C. App. 457, 463, 615 S.E.2d 391, 395, disc. review denied, 360 N.C. 64, 623 S.E.2d 587 (2005)).
Even if we were to address mother's contention on the merits, her argument fails. N.C. Gen. Stat. §7B-602 provides:
(a) In cases where the juvenile petition alleges that a juvenile is abused, neglected, or dependent, the parent has the right to counsel and to appointed counsel in cases of indigency unless that person waives the right. When a petition is filed alleging that a juvenile is abused, neglected, or dependent, the clerk shall appoint provisional counsel for each parent named in the petition and indicate the appointment on the juvenile summons or attached notice. At the first hearing, the court shall dismiss the provisional counsel if the respondent parent:
(1) Does not appear at the hearing;
(2) Does not qualify for court-appointed counsel;
(3) Has retained counsel; or
(4) Waives the right to counsel.
N.C. Gen. Stat. §7B-602(a) (2007) (emphasis added).
In the instant case, the clerk of court failed to appoint mother provisional counsel in accordance with N.C. Gen. Stat. §7B6-02(a). However, mother did not appear at any of the hearings following the filing of the petitions. When a parent fails to appear for the first hearing following the filing of a petition alleging neglect or dependency, the trial court is required to discharge a provisionally-appointed attorney. Id. Moreover, a parent's "inaction prior to the hearing and . . . failure to appear at the hearing constitute[s] a waiver of [the parent's] right to counsel[.]" In re R.R., 180 N.C. App. 628, 636, 638 S.E.2d 502, 507 (2006). Even if provisional counsel had been appointed to represent mother, the trial court was required to discharge counsel when mother failed to appear at the first hearing. The failure to appoint provisional counsel in accordance with N.C. Gen. Stat. §7B6-02(a) was not prejudicial error.
This argument is without merit.

III. Termination of Parental Rights Proceedings

A. Standard of Review
A termination of parental rights proceeding involves two stages: adjudication and disposition. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). In the adjudicatory stage of a termination of parental rights proceeding
the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists. We review whether the trial court's findings of fact are supported by clear and convincing evidence and whether the findings of fact support the conclusions of law.
In re Anderson, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002) (internal citations omitted). Unchallenged findings of fact are deemed to be supported by competent evidence and are binding on appeal. In re M.A.I.B.K., 184 N.C. App. 218, 222, 645 S.E.2d 881, 884 (2007).
Once it is established that one or more of the grounds for termination exist, the trial court must proceed to the dispositional stage where the best interests of the child are considered. In re Blackburn, 142 N.C. App. at 610, 543 S.E.2d at 908. "We review the trial court's decision to terminate parental rights for abuse of discretion." Anderson, 151 N.C. App. at 98, 564 S.E.2d at 602 (citation omitted).

B. Adjudication  Willful Abandonment
In her second argument, mother contends the trial court erred by terminating her parental rights based upon her willful abandonment of the juveniles pursuant to N.C. Gen. Stat. § 7B1-111(a)(7). Mother specifically argues the trial court's findings of fact do not support its conclusion that her abandonment was "willful." We disagree.
N.C. Gen. Stat. §7B-1111(a)(7) (2007) provides that parental rights may be terminated when a "parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]"
This Court has defined abandonment as:
wilful neglect and refusal to perform the natural and legal obligations of parental care and support . . . . [I]f a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.
In re Humphrey, 156 N.C. App. 533, 540, 577 S.E.2d 421, 427 (2003) (quoting Pratt v. Bishop, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962)); see also In re Apa, 59 N.C. App. 322, 324, 296 S.E.2d 811, 813 (1982) ("[A]bandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." (quotation and citation omitted)). "The word `willful' encompasses more than an intention to do a thing; there must also be purpose and deliberation." In re Adoption of Searle, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986) (citation omitted).
In the instant case, the petitions to terminate mother's parental rights were filed on 7 February 2008. Thus, the relevant six month period ran from 7 August 2007 to 7 February 2008. Unchallenged findings of fact contained in the trial court's order establish that mother left her children with a relative and family friends and told them she would only be gone for the weekend, but did not return until more than a year later when she was arrested in April 2008 for a probation violation.
Mother failed to provide any food or clothing for her children; mother did not send K.M. or Y.M. a birthday card or present on their respective birthdays, and did not call to wish them a "Merry Christmas" in December 2007; mother knew that K.M. and Y.M were in the custody of DSS by December 2007; mother had not had "any written or verbal contact with [K.M. and Y.M.] between late January or early February 2007 and April 2008," a period which encompassed the relevant statutory period; and no child support was paid by mother during this period. These unchallenged findings of fact establish that mother "[withheld] [her] presence, [her] love, [her] care, the opportunity to display filial affection, and wilfully neglect[ed] to lend support and maintenance[]" In re Humphrey, 156 N.C. App. at 540, 577 S.E.2d at 427, because mother was attempting to evade law enforcement and avoid arrest. We hold that the trial court's unchallenged findings of fact support the trial court's conclusion of law that mother "willfully abandoned the juvenile[s] for at least six consecutive months immediately preceding the filing of the petition or motion[.]" N.C. Gen. Stat. § 7B-1111(a)(7).
Because the existence of one of the enumerated grounds under N.C. Gen. Stat. § 7B-1111 is sufficient to support termination, mother's remaining arguments regarding N.C. Gen. Stat. § 7B1-111(a)(1) and (6) need not be addressed. See In re Taylor, 97 N.C. App. 57, 64, 387 S.E.2d 230, 23334 (1990).

C. Disposition  Best Interests
In her final argument, mother contends the trial court erred in concluding that it was in the best interests of the juveniles to terminate mother's parental rights. We disagree.
Factors to consider in determining the juvenile's best interests include: (1) the age of the juvenile; (2) the likelihood of adoption; (3) whether the termination of parental rights will aid in the accomplishment of the permanent plan; (4) the bond between the juvenile and the parent; (5) the relationship between the juvenile and a proposed adoptive parent or other permanent placement; and (6) any other relevant consideration. N.C. Gen. Stat. § 7B-1110(a) (2005).
In the instant case, the trial court's unchallenged findings of fact also reveal that the trial court considered the factors required by N.C. Gen. Stat. § 7B-1110(a). As noted previously herein, the trial court found that mother had not seen the juveniles since late January or early February 2007. The trial court also made findings indicating it considered the age of the juveniles. The trial court further found that: (1) the present plan for the juveniles was adoption; (2) that they had resided with their current placements since 2007; (3) that their current placements "clearly treasure" the juveniles, and they had been made a part of their placement families; (4) their placement families expressed a strong desire to adopt the juveniles and make them a permanent part of their families; (5) the juveniles were thriving under the care of their placement families and "benefitted greatly by their love and affection[;]" and (6) termination of mother's parental rights would aid in the accomplishment of the permanent plan for the juveniles, which was adoption. These findings of fact support the trial court's best interest determination.
These arguments are without merit.
Mother's remaining assignments of error set forth in the record and not argued in her brief are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).
AFFIRMED.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).