**IN RE B.O.**

[199 N.C. App. 600 (2009)]

IN RE: B.O., MINOR CHILD

No. COA09-400

(Filed 1 September 2009)

**Termination of Parental Rights— standing—custodian not equated to guardian**

The trial court's order terminating parental rights was vacated for lack of subject matter jurisdiction where petitioners did not fall within the statutory categories for standing to file a petition. A "custodian" does not have the powers of a parent or guardian.

Appeal by Respondent from order entered 19 December 2008 by Judge Gary S. Cash in District Court, Buncombe County. Heard in the Court of Appeals 10 August 2009.

*Jennifer W. Moore for Petitioners-Appellees. Robert W. Ewing for Respondent-Appellant.*

*Jason Gast for Guardian ad Litem.*

McGEE, Judge.

Respondent, the mother of B.O., appeals from an order terminating her parental rights to B.O. Because we find Petitioners lacked standing to file a petition to terminate Respondent's parental rights, we vacate the trial court's order.

The Buncombe County Department of Social Services (DSS) received a report in March 2005 that B.O., and B.O.'s younger half-sister, lived in unsanitary conditions in Respondent's home. A DSS social worker visited Respondent's home on three occasions and found that the conditions in the home did not meet minimum standards for safety.

DSS filed a petition on 1 April 2005 alleging that B.O. was neglected. Both Respondent and B.O. were appointed their own individual guardian ad litem. In an adjudication judgment and dispositional order entered 30 June 2005, the trial court found: (1) that DSS had substantiated previous reports of neglect in 2000 and 2003, (2) that Respondent had not made any significant progress in correcting the conditions in her home, and (3) that Respondent had "behaved in a strange and paranoid manner" during a March 2005 home assessment.

In its order, the trial court found B.O. to be a neglected juvenile, and approved a kinship placement of B.O. with Mr. and Mrs. M.

A review hearing was held in August 2005 and the trial court granted custody of B.O. to DSS. Subsequently, DSS placed B.O. in the care of W.H. and S.H. The trial court entered a permanency planning order on 10 February 2006, concluding that it was not possible to return B.O. to Respondent's home within the next six months due to Respondent's "chronic mental health problems" and "inconsistent compliance . . . with court-ordered services[.]" The trial court changed the permanent plan of B.O. from reunification with Respondent to guardianship with a court-approved caretaker. In an order entered 30 August 2006, the trial court granted guardianship of B.O. to T.C.W., the father of B.O.'s half-sister, and inactivated the juvenile file. Respondent appealed from the trial court's order. In an unpublished opinion filed 5 June 2007, our Court affirmed the trial court's order. *In re B.O.*, 183 N.C. App. 489, 645 S.E.2d 229 (2007) (unpublished).

T.C.W. granted temporary guardianship of B.O. to T.T. and B.T. (Petitioners) in an agreement for temporary guardianship. Both T.C.W. and Petitioners signed the agreement granting Petitioners temporary guardianship from 20 April 2007 through 20 October 2007. In February 2008, T.C.W. was indicted on two felony counts of taking indecent liberties with B.O. The guardian ad litem for B.O. filed a motion to reactivate and review the juvenile file on 15 February 2008. The trial court held a hearing on 3 March 2008. In an order entered 28 March 2008 and amended 26 June 2008, the trial court dissolved the appointment of T.C.W. as guardian of B.O. and granted placement of B.O. with Petitioners. The juvenile file was again inactivated.

Petitioners filed the underlying petition to terminate Respondent's parental rights on 17 June 2008. After hearings on 30 and 31 October and 20 November 2008, the trial court entered an order on 19 December 2008 terminating Respondent's parental rights to B.O. The trial court found grounds existed to terminate Respondent's parental rights in that Respondent had (1) neglected B.O., (2) had willfully left B.O. in a placement outside the home for more than twelve months without making "reasonable progress under the circumstances . . . to correct those conditions which led to the removal of [B.O.]," and (3) that Respondent was "incapable of providing for the proper care and supervision of [B.O.]." Respondent appeals.

Respondent argues the trial court lacked jurisdiction over the termination proceeding because Petitioners did not have standing to file a petition to terminate Respondent's parental rights to B.O. "'Standing is jurisdictional in nature and "[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved."'" *In re T.M.*, 182 N.C. App. 566, 570, 643 S.E.2d 471, 474 (quoting *In re Miller*, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004)), *aff'd*, 361 N.C. 683, 651 S.E.2d 884 (2007). The North Carolina Juvenile Code (the Code) provides that the following have standing to file a petition to terminate parental rights:

(1) Either parent seeking termination of the right of the other parent.

(2) Any person who has been judicially appointed as the guardian of the person of the juvenile.

(3) Any county department of social services, consolidated county human services agency, or licensed child-placing agency to whom custody of the juvenile has been given by a court of competent jurisdiction.

(4) Any county department of social services, consolidated county human services agency, or licensed child-placing agency to which the juvenile has been surrendered for adoption by one of the parents or by the guardian of the person of the juvenile, pursuant to G.S. 48-3-701.

(5) Any person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion.

(6) Any guardian ad litem appointed to represent the minor juvenile pursuant to G.S. 7B-601 who has not been relieved of this responsibility.

(7) Any person who has filed a petition for adoption pursuant to Chapter 48 of the General Statutes.

N.C. Gen. Stat. § 7B-1103(a) (2007).

In the case before us, Petitioners are not (1) the parents of B.O.; (2) the guardian ad litem of B.O.; (3) a county department of social services, a consolidated county human services agency, or a licensed child-placing agency. Thus, to have standing under N.C. Gen. Stat. § 7B-1103(a) to file a termination petition, Petitioners must

**IN RE B.O.**

[199 N.C. App. 600 (2009)]

have: (1) been judicially appointed as the guardian of the person of B.O., (2) filed a petition for adoption of B.O., or (3) B.O. must have resided with Petitioners for a continuous period of two years or more next preceding the filing of the petition or motion.

The trial court awarded Petitioners temporary custody of B.O. in an order dated 4 February 2008, and found that B.O. had been in the physical care of Petitioners since April of 2007. About four and one-half months later, Petitioners filed their termination of parental rights petition on 17 June 2008. Petitioners alleged in their petition that they were "custodians" of B.O. and that B.O. had lived with them since 20 April 2007 which, at the time of the filing of their petition, was only about fifteen months. Thus, Petitioners were not persons "with whom [B.O.] ha[d] resided for a continuous period of two years or more next preceding the filing of the petition[.]" Additionally, there is no indication in the record before our Court that Petitioners had filed a petition for adoption of B.O. Petitioners, in fact, averred in their termination petition that, should the petition be granted, Petitioners intended to pursue adoption of B.O.

Furthermore, Petitioners claim they were the temporary guardians of B.O. through the agreement for temporary guardianship entered into between them and T.C.W. on 20 April 2007. However, Petitioners were not "judicially appointed as the guardian of the person of [B.O.]" and the agreement expired on its face on 20 October 2007.

Petitioners argue that their status as "custodians" of B.O. grants them the same status as "guardians" of B.O. and, therefore, they had standing to file for termination of Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1103(a)(2) ("Any person who has been judicially appointed as the guardian of the person of the juvenile" has standing to file a petition to terminate parental rights.). We do not find Petitioners' argument persuasive. "[W]ords of a statute are not to be deemed useless or redundant and amendments are presumed not to be without purpose." *Town of Pine Knoll Shores v. Evans*, 331 N.C. 361, 366, 416 S.E.2d 4, 7 (1992) (citations omitted). N.C. Gen. Stat. § 7B-1103 refers to *both* custody and guardianship. We cannot hold that the words "custody" and "judicially appointed . . . guardian" as used in N.C. Gen. Stat. § 7B-1103 were not intended to have specific, distinct meanings.

"Custodian" is defined in relevant part by statute as: "The person or agency that has been awarded legal custody of a juvenile by a court

**IN RE B.O.**

[199 N.C. App. 600 (2009)]

or a person, other than parents or legal guardian, who has assumed the status and obligation of a parent without being awarded the legal custody of a juvenile by a court." N.C. Gen. Stat. § 7B-101(8) (2007). N.C. Gen. Stat. § 7B-101(8) clearly indicates that a "custodian" is not the same as a "parent or legal guardian," and we cannot infer that a "custodian" has the same powers granted by the Code as a parent or guardian. The Code recognizes a distinction between "custodian" and "guardian." *See also In re A.P. & S.P.*, 165 N.C. App. 841, 843, 600 S.E.2d 9, 11 (2004) ("Under N.C. Gen. Stat. § 7B-1002, '[a]n appeal[1] may be taken by the guardian ad litem or juvenile, the juvenile's parent, *guardian,* or *custodian,* the State or county agency.' ") (emphasis added).

A "guardian may relinquish all . . . guardianship powers, including the right to consent to adoption [of the child], to an agency." N.C. Gen. Stat. § 48-3-701 (2007); *see also* N.C. Gen. Stat. § 7B-1103(a). By Petitioners' argument, once Petitioners were granted temporary custody of B.O., they had the power to give B.O. up for adoption. The General Assembly could not have intended for Petitioners, as B.O.'s temporary custodians, to have this power to determine B.O.'s future. Under the Code, "guardians" clearly have far greater powers over their wards than do "custodians." These terms are not synonymous under the statute, and N.C. Gen. Stat. § 7B-1103 includes no provision granting "custodians" standing to petition for termination of another's parental rights.

Because Petitioners do not fall within any of the categories of persons or organizations which have standing to file a petition to terminate parental rights under N.C.G.S. § 7B-1103(a), we conclude the trial court did not have subject matter jurisdiction over the termination proceedings. We must vacate the trial court's order terminating Respondent's parental rights to B.O. Because we vacate the trial court's order for lack of subject matter jurisdiction, we need not address Respondent's remaining assignments of error.

---

1. Were we to interpret the terms "guardian" and "custodian" as synonymous, we would render one of the terms "useless or redundant" contrary to the rules of statutory construction as stated in *Evans*, 331 N.C. at 366, 416 S.E.2d at 7. Further, as the Code grants custodians, along with guardians, the right to appeal from appealable orders affecting their rights over their wards, but the Code limits the right to initiate termination proceedings to guardians, and does not mention individual custodians, we must interpret this exclusion of custodians from N.C. Gen. Stat. § 7B-1103 to have been intentional. *See Dunn v. N.C. Dept. of Human Resources*, 124 N.C. App. 158, 161, 476 S.E.2d 383, 385 (1996).

**IN RE J.L.**

[199 N.C. App. 605 (2009)]

Vacated.

Judges CALABRIA and JACKSON concur.