DIETZ, Judge.
Respondent appeals from a permanency planning order awarding guardianship of her minor children Eliza and Helen[1] to their paternal grandmother. Respondent argues that the order is erroneous because it describes the award as one of both custody and guardianship.
As explained below, we reject this argument. The proceedings below and the plain terms of the trial court's order indicate that it awarded guardianship. Accordingly, we affirm the trial court's order.
Facts and Procedural History
In August 2013, the Surry County Department of Social Services began providing services to Respondent, the children's father, Eliza, Helen, and their older brother[2] in order to address domestic violence, parenting issues, and lack of stability. DSS ultimately obtained non-secure custody of the children. After Respondent and the children's father made insufficient progress on their case plans, and stipulated to an adjudication of dependency, the trial court entered a permanency planning order changing the earlier plan of reunification to a permanent plan of guardianship with a relative or "court-approved other." On 8 October 2015, the children were placed with their paternal grandmother.
On 21 April 2016, the trial court conducted a permanency planning hearing. Both DSS and the children's guardian ad litem recommended that the children's paternal grandmother be appointed their guardian. DSS submitted a "Comprehensive Assessment for Guardianship" to support its recommendation. On 10 May 2016, the trial court entered an order granting guardianship to the paternal grandmother. Respondent timely appealed.[3]
Analysis
Respondent's sole argument on appeal is that the trial court's order conflated the term custody with guardianship and "created a legal quagmire." We disagree.
To be sure, as Respondent contends, the statutory roles of custodian and guardian do not share all of the same rights and responsibilities. See In re B.O. , 199 N.C. App. 600, 604, 681 S.E.2d 854, 857 (2009). But a reference to "custody" in an order awarding guardianship does not create any sort of legal quagmire, as the statute governing guardianship expressly refers to "custody" by the guardian: "The guardian shall have the care, custody, and control of the juvenile or may arrange a suitable placement for the juvenile and may represent the juvenile in legal actions before any court." N.C. Gen. Stat. § 7B-600(a).
Here, the trial court's order unquestionably appointed the children's paternal grandmother as their guardian, citing both the applicable statutory language and the statute itself. The court found:
30. The court continues to sanction the primary plan of guardianship with a relative as being the plan that is consistent with the best interest of the juveniles and the plan of care most likely to lead to permanence for the children.
31. The paternal grandmother ... understands the legal significance of her role as guardian for [Eliza] and [Helen], and has adequate resources to care and provide for the children.
The court then concluded:
8. [The paternal grandmother] is a fit and proper person to have custody and guardianship of the juveniles;
9. It is in the best interest of the juveniles that legal and physical custody and guardianship of the juveniles, [Eliza] and [Helen], be granted to [the paternal grandmother.]
Finally, the court ordered "The LEGAL and PHYSICAL CARE, CUSTODY, CONTROL, and GUARDIANSHIP, pursuant to North Carolina General Statutes § 7B-600, of the juveniles, [Eliza] and [Helen], ... shall be with and is hereby granted to [the] paternal grandmother[.]" This language tracks the express statutory language of section 7B-600. The trial court's order does not refer to the statutes governing custody or impose any requirements unique to a custody order and inconsistent with a guardianship order.
Accordingly, we reject Respondent's argument. The trial court's order is a valid guardianship order.
Conclusion
We affirm the trial court's order.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DILLON concur.

We use pseudonyms to protect the juveniles' identities.

The older brother's placement is not at issue in this appeal.

The children's father did not appeal the trial court's order and is not a party to this appeal.