IN RE S.W.

[175 N.C. App. 719 (2006)]

IN THE MATTER OF: S.W.

No. COA05-596

(Filed 7 February 2006)

**1. Termination of Parental Rights— motion to dismiss petition—untimely termination hearing—untimely entry of written termination order—failure to show prejudice**

The trial court did not err by denying respondent mother's motion to dismiss the termination of parental rights petition based on the untimeliness of the termination hearing and the trial court's entry of the written termination order because respondent failed to show prejudice resulting from either of the statutory infractions under N.C.G.S. § 7B-1109(a) and (e).

**2. Evidence— hearsay—exception—admission by party opponent**

The trial court did not err in a termination of parental rights case by allowing a social worker to testify over respondent mother's objection to statements made by respondent to the social worker, because: (1) in termination of parental rights proceedings, the party whose rights are sought to be terminated is a party adverse to DSS in the proceeding; and (2) the statement was admissible as an exception to the hearsay rule as an admission by a party opponent under N.C.G.S. § 8C-1, Rule 801(d).

**3. Termination of Parental Rights— findings of fact—conclusions of law—sufficiency of evidence**

The trial court did not err in a termination of parental rights case by its findings of fact numbers 4, 6 through 19, 21, and 23, and by its conclusions of law numbers 3 through 5, because: (1) respondent mother failed in her brief to specifically address any of the findings of fact to which she excepts, and thus, she abandoned her assignments of error pertaining to those findings of fact; (2) there was competent evidence to support findings of fact numbers 4, 6 through 17, and 19 as these findings of fact were admitted in respondent's answer, if not in exact form, at least in substance; (3) although minor portions of some of the remaining findings of fact including 18 and 21 are not supported by the evidence in the record, the remaining findings of fact are more than sufficient to support the trial court's conclusions of law complained of by respondent; and (4) finding of fact 23 is supported by the testimony of the social worker presented at the hearing.

**IN RE S.W.**

[175 N.C. App. 719 (2006)]

**4. Appeal and Error— preservation of issues—failure to argue**

Although respondent mother assigns error to the trial court's conclusion of law number 11 in a termination of parental rights case, this assignment of error is deemed abandoned because respondent failed to set forth any reason or argument in support of this assignment of error as required by N.C. R. App. P. Rule 28(b)(6).

**5. Constitutional Law— effective assistance of counsel—failure to object—business records exception**

Respondent mother did not receive ineffective assistance of counsel in a termination of parental rights case based on her trial counsel's failure to object to the admission of petitioner's exhibits numbers one through six, or by counsel's failure to object to the trial court's taking judicial notice of several prior court orders, because: (1) the exhibits were admissible under the business records exception in N.C.G.S. § 8C-1, Rule 803(6) when there were affidavits from custodians of the records that satisfied the foundational requirements of the rule; and (2) in subsequent proceedings to terminate parental rights on the basis of neglect, the court is permitted to consider prior adjudications of neglect involving the same parent, and respondent admitted verbatim in her answer the particular finding to which she now excepts.

Appeal by respondent-mother from order entered 4 October 2004 by Judge James T. Hill in Durham County District Court. Heard in the Court of Appeals 16 November 2005.

*Assistant Durham County Attorney Cathy L. Moore, for Durham County Department of Social Services, petitioner-appellees.*

*Attorney Advocate Wendy C. Sotolongo, for Guardian ad Litem, petitioner-appellees.*

*Peter Wood, for respondent-mother-appellant.*

JACKSON, Judge.

A petition alleging S.W. to be neglected was filed 22 October 2001 after S.W. was found with her mother ("respondent") out in the rain while respondent was buying illegal narcotics. S.W. was placed in the custody of the Durham County Department of Social Services (DSS).

**IN RE S.W.**

[175 N.C. App. 719 (2006)]

An amended petition alleging dependency and neglect was filed 7 November 2001. S.W. was adjudicated dependent and neglected 6 December 2001 at which time S.W. was placed in the custody of respondent. S.W. was again removed from the custody of respondent 26 December 2001 after respondent left S.W. unattended at the homeless shelter in which they both were staying from 24 December until the afternoon of 25 December. S.W. has remained in foster care since that time.

In the interim, respondent has been incarcerated periodically, failed to comply with court-ordered drug testing, failed to maintain regular contact with DSS, failed to maintain stable living arrangements, and has attended drug treatment only sporadically. Respondent had only three visits with S.W. during the course of 2003. A petition to terminate the parental rights of respondent and S.W.'s father was filed 29 August 2003. Respondent filed an answer 31 October 2003, after receiving a thirty day extension of time in which to file. S.W.'s father was served by publication and never filed an answer nor participated in these proceedings in any way and is not a party to this appeal.

A DSS social worker who was a critical witness for DSS in this proceeding was on medical and then maternity leave from sometime between September 2003 and 2 February 2004. DSS took no judicial action in this matter during the time the social worker was on leave. DSS filed a notice of hearing on the day the social worker returned to work which set the termination hearing in the case for 1 April 2004. Respondent filed a motion to dismiss the petition for failure to hold the hearing within the statutorily prescribed time after the filing of the petition. Respondent's motion was heard 2 April 2004 and was denied.

The termination hearing also was held 2 April 2004 and the termination petition was granted. Respondent filed her first notice of appeal 5 April 2004 appealing from the oral in-court grant of the termination petition. The order of termination was filed 4 October 2004. Respondent filed a second notice of appeal 14 October 2004 appealing from the 4 October written order. Appellate entries were made 21 October 2004. The written order of termination was served on respondent 10 December 2004 and respondent filed a third notice of appeal 15 December 2004.

On appeal, respondent assigns as error: (1) the trial court's denial of her motion to dismiss the Termination of Parental Rights Petition

**IN RE S.W.**

[175 N.C. App. 719 (2006)]

("TPR"); (2) the trial court's failure to sign the Order of Termination within the thirty day period mandated by statute; (3) the admission of alleged hearsay testimony over respondent's objection; (4) that findings of fact numbers 4, 6 through 19, 21, and 23 were not supported by the evidence; (6) that conclusions of law numbers 3 through 5 and 11 were not supported by the findings of fact or evidence; (7) that the trial court abused its discretion in terminating her parental rights; and (8) that she received ineffective assistance of counsel at the termination hearing.

[1] We first address respondent's assignments of error regarding the untimeliness of the termination hearing and of the trial court's entry of the written termination order together. This Court uniformly has held that failure of a trial court to enter termination orders within the time standards set forth in North Carolina General Statutes, section 7B-1109(e) need only be reversed when the appellant demonstrates prejudice as a result of the delay. *In re P.L.P.*, 173 N.C. App. 1, 7, 618 S.E.2d 241, 245 (2005); *see, e.g., In re L.E.B., K.T.B.*, 169 N.C. App. 375, 378-79, 610 S.E.2d 424, 426 (2005). DSS concedes that neither the termination hearing nor the written termination order complied with the time requirements of North Carolina General Statutes, section 7B-1109(a) and (e) respectively. However, respondent fails to show prejudice resulting from either of these statutory infractions.

Although our prior cases cited above have addressed the failure of trial courts to file the written termination order within the time provided in section 7B-1109(e), we hold that the same logic must be applied to the timeliness of the termination hearing after the filing of the termination petition under North Carolina General Statutes, section 7B-1109(a). The extension of this application is logical since the issues are addressed under different subsections of the same statute.

Respondent alleges that her appellate rights were compromised by the failure to timely hold the termination hearing and to timely file the written termination order, but fails to demonstrate which rights were compromised or in what way. Respondent filed notices of appeal at each pertinent stage of these proceedings, and her appeal is being considered on its merits by this Court. Accordingly, respondent has failed to show prejudice as a result of the complained of errors and these assignments of error are overruled.

[2] Respondent next argues that the trial court erred in allowing S.W.'s social worker to testify, over respondent's objection, to statements made to her by respondent. In response to respondent's

objections, petitioner argued that the statements were admissible pursuant to the admissions of a party opponent exception to the hearsay rule. The trial court allowed the testimony after hearing from both parties.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2003). One of the enumerated exceptions to the rule prohibiting the introduction of hearsay evidence is for admissions of a party opponent. This exception provides, in relevant part, "[a] statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement, in either his individual or a representative capacity . . . ." N.C. Gen. Stat. § 8C-1, Rule 801(d). In termination of parental rights proceedings, the party whose rights are sought to be terminated is a party adverse to DSS in the proceeding. *In re Davis*, 116 N.C. App. 409, 412, 448 S.E.2d 303, 305, *disc. review denied*, 338 N.C. 516, 452 S.E.2d 808 (1994). Accordingly, the social worker's testimony regarding respondent's statements to her was properly allowed. This assignment of error is overruled.

[3] Respondent next assigns as error that the trial court's findings of fact numbers 4, 6 through 19, 21, and 23 are not supported by the evidence and that the trial court's conclusions of law numbers 3 through 5 are not supported by the findings of fact. In reviewing a termination order, this Court must determine whether the trial court's findings of fact are supported by clear and convincing evidence and if its conclusions of law are, in turn, supported by those findings of fact. *In re T.C.B.*, 166 N.C. App. 482, 484-85, 602 S.E.2d 17, 19 (2004) (citing *In re McMillon*, 143 N.C. App. 402, 408, 546 S.E.2d 169, 173-74 (2001)).

Respondent fails in her brief, to specifically address any of the findings of fact to which she excepts, therefore, she abandons her assignments of error pertaining to those findings of fact. A review of the record reveals that there is competent evidence to support findings of fact numbers 4, 6 through 17 and 19 as these findings of fact are admitted to in respondent's answer, if not in exact form, at least in substance. The portions of finding of fact number 18 regarding the dates of the social worker's medical and maternity leave and the social worker's conversation with respondent regarding these proceedings are supported by the testimony of the social worker. We are unable, however, to find any evidence in the record to support the portions of this finding of fact regarding the social worker checking

her voice mail while on leave and the absence of messages from respondent and the alleged statement by the respondent that she thought her parental rights already had been terminated. Finding of fact number 21, that DSS has provided for all of S.W.'s needs in an amount of $330.00 monthly foster care board rate and that the parents had not provided any financial support for S.W., is supported by the certified affidavit of the child support supervisor that no child support for S.W. had been received from any source and in the testimony of the social worker assigned to the case that no payments had been received outside of the child support system. We are unable, however, to find evidence in the record to support the specific amount of the foster care board rate. Finally, finding of fact number 23, that S.W. is currently in a stable, nurturing home where she is doing well and is bonded to her foster parents who already had adopted one of S.W.'s half siblings and are willing to adopt S.W. as well, is supported by the testimony of the social worker presented at the hearing.

Although we have found that minor portions of some of the trial court's findings of fact are not supported by the evidence in the record, we hold that the remaining findings of fact are more than sufficient to support the trial court's conclusions of law complained of by respondent. Accordingly, these assignments of error are overruled.

[4] Respondent next assigns error to the trial court's conclusion of law number 11, that it was in the child's best interest that respondent's parental rights be terminated, and the trial court's terminating respondent's parental rights is an abuse of discretion. Respondent fails, however, to present any argument in support of these assignments of error. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C. R. App. P. Rule 28(b)(6) (2005). As respondent has failed to set forth any reason or argument in support of these assignments of error, they are deemed abandoned and are not considered.

[5] Respondent next argues that she received ineffective assistance of counsel in that her trial counsel failed to object to the admission of petitioner's exhibits numbers one through six. These exhibits include a certified Child Support Enforcement Affidavit and certified copies of respondent's substance abuse and medical treatment records. In support of this argument, respondent simply asserts that the exhibits in question "contain numerous hearsay statements from various med-

ical personnel . . . ." Respondent does not, however, identify any of the alleged hearsay statements.

Petitioner argues that exhibits two through six were admissible under the "business records exception" to the hearsay rule. Respondent argues that the exhibits were not admissible under the business records exception because the proper foundation had not been laid. The "business records exception" to the hearsay rule is found in North Carolina General Statutes, section 8C-1, Rule 803(6), which provides in relevant part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness

is not excluded by the hearsay rule.

An affidavit from the custodian of the records in question that states that the records are true and correct copies of records made, to the best of the affiant's knowledge, by persons having knowledge of the information set forth, during the regular course of business at or near the time of the acts, events or conditions recorded is sufficient to satisfy the foundation requirements of Rule 803(6). *Chamberlain v. Thames*, 131 N.C. App. 705, 716-17, 509 S.E.2d 443, 450 (1998). Affidavits satisfying these requirements are included in the record for exhibits two through six. Accordingly, these exhibits were admissible and respondent's trial counsel did not fail to provide effective assistance in failing to object to their admission.

Respondent further contends that her trial counsel was ineffective in her representation by failing to object to the trial court's taking judicial notice of several prior court orders. Courts may take judicial notice of prior court orders in termination proceedings. *In re Ballard*, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984). The extent to which the court may rely on such prior orders in making its determination is unclear. *In re Byrd*, 72 N.C. App. 277, 280, 324 S.E.2d 273, 276 (1985).

The only error alleged by respondent to have resulted from the admission of the prior court orders in the instant case is the trial court's finding of fact number 6 that the respondent's parental rights to three other children had been terminated previously. Respondent asserts that the only evidence in the record to support this finding was the prior orders. In subsequent proceedings to terminate parental rights on the basis of neglect, the court is permitted to consider prior adjudications of neglect involving the same parent. *In re Stewart Children*, 82 N.C. App. 651, 653, 347 S.E.2d 495, 497 (1986) (citing *In re Ballard*, 311 N.C. 708, 319 S.E.2d 227). Additionally, respondent admitted to this particular finding verbatim in her answer. Accordingly, this assignment of error is overruled.

Affirmed.

Judges BRYANT and CALABRIA concur.