[177 N.C. App. 790 (2006)]

IN RE: T.B., J.B., C.B., MINOR CHILDREN

No. COA05-1059

(Filed 6 June 2006)

**Termination of Parental Rights— standing to bring petition— DSS custody of children required—not reflected in record**

DSS does not have standing to file a termination of parental rights proceeding when it does not have legal custody of the children. Orders for the termination of parental rights in this case were vacated (without prejudice to bringing new petitions) for lack of subject matter jurisdiction where the petition did not have attached an order awarding custody of the children to DSS, and the omission was never remedied by amending the petition or otherwise making the custody order a part of the record before the trial court.

Appeal by respondents from orders entered 2 December 2004 by Judge Daniel F. Finch in Vance County District Court. Heard in the Court of Appeals 16 March 2006.

*Law Offices of Carolyn J. Yancey, P.A., by Carolyn J. Yancey, for petitioner-appellee Vance County Department of Social Services.*

*Duncan B. McCormick, for respondent mother.*

*Winifred H. Dillon, for respondent father.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Heather Adams, Ellen Jernigan, and Martin H. Brinkley, for Guardian ad Litem.*

LEVINSON, Judge.

Respondents appeal from orders terminating their respective parental rights in their minor children, T.B., C.B., and J.B. For the reasons that follow, we vacate these orders.

In December 2002 the Vance County Department of Social Services (DSS) filed petitions to terminate respondents' parental rights in the minor children. Prior to a hearing, respondents filed motions to dismiss the petitions for failure to comply with the requirements of N.C. Gen. Stat. § 7B-1104. The trial court denied their motions, and on 2 December 2004 the court entered orders terminating respondents' parental rights in their children. From these orders respondents appeal.

**IN RE T.B., J.B., C.B.**

[177 N.C. App. 790 (2006)]

The sole issue raised on appeal is the trial court's denial of respondents' motions to dismiss for failure to comply with the requirements of N.C. Gen. Stat. § 7B-1104 (2005). Specifically, respondents assert that petitioner's failure to attach to the petition a copy of an order awarding legal custody of the children to DSS deprived the trial court of subject matter jurisdiction. We first review the applicable statutory and common law on this issue.

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citation omitted). "Moreover, a court's inherent authority does not allow it to act where it would otherwise lack jurisdiction. 'Courts have the inherent power to do only those things which are reasonably necessary for the administration of justice within the scope of their jurisdiction.' " *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003) (quoting *In re Transportation of Juveniles*, 102 N.C. App. 806, 808, 403 S.E.2d 557, 559 (1991)) (citation omitted).

"Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction is immaterial." *Stark v. Ratashara*, 177 N.C. App. 449, ——, —— S.E.2d ——, —— (2006) (citing *McKinney*, 158 N.C. App. at 447, 581 S.E.2d at 797). The issue of subject matter jurisdiction may be considered by the court at any time, and may be raised for the first time on appeal. "This Court recognizes its duty to insure subject matter jurisdiction exists prior to considering an appeal." *In the Matter of E.T.S.*, 175 N.C. App. 32, 35, 623 S.E.2d 300, 302 (2005) (citation omitted).

Under N.C. Gen. Stat. § 7B-1101 (2005), the trial court has "exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services . . . at the time of filing of the petition or motion." This statute confers upon the court general jurisdiction over termination of parental rights proceedings.

However, "a trial court's general jurisdiction over the type of proceeding or over the parties does not confer jurisdiction over the specific action." *McKinney*, 158 N.C. App. at 447, 581 S.E.2d at 797 (citation omitted). " 'Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question.' " *Id.* at 444, 581 S.E.2d at 795 (quoting *In re*

*Transportation of Juveniles*, 102 N.C. App. at 808, 403 S.E.2d at 558-59). N.C. Gen. Stat. § 7B-1103 (2005), identifies the parties with standing to file a termination of parental rights petition, and provides in pertinent part that:

> (a) A petition or motion to terminate the parental rights of either or both parents to his, her, or their minor juvenile may only be filed by one or more of the following:
>
> . . . .
>
> (3) Any county department of social services, consolidated county human services agency, or licensed child-placing agency to whom custody of the juvenile has been given by a court of competent jurisdiction.

G.S. § 7B-1103(a)(3).

Consequently, where DSS "no longer had custody as of the date of the filing of the petition[,] DSS, therefore, lacked standing to file the petition." *In re D.D.J., D.M.J.*, 177 N.C. App. 441, —, — S.E.2d —, — (2006).

In *In re Miller*, 162 N.C. App. 355, 590 S.E.2d 864 (2004), the respondent contended that, because DSS no longer had custody of the child at the time the petition was filed, it lacked standing to file a petition for termination of parental rights. This Court agreed, and held:

> Standing is jurisdictional in nature[.] . . . Because DSS no longer had custody of the child, DSS lacked standing, . . . to file a petition to terminate respondent's parental rights. A North Carolina court has subject matter jurisdiction only if the petitioner or plaintiff has standing. . . . Here, because the trial court lacked subject matter jurisdiction over the case, the proceedings to terminate respondent's parental rights were a nullity.

*Id.* at 357, 358-59, 590 S.E.2d at 865-66 (emphasis added).

Thus, to have standing to file for termination of parental rights, DSS must prove that it has legal custody of the child at the time the petition is filed. "Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings[.]" *State v. Tola*, 222 N.C. 406, 408, 23 S.E.2d 321, 323 (1942) (internal quotation marks omitted). Therefore:

> The proceedings of courts of record can be proved by their records only; that is by reason of the vagueness and uncertainty of

parol proof as to such matters, and of the facility which the record affords of proving them with certainty. Public policy and convenience require the rule, and a necessary consequence from it is the absolute and undeniable presumption that the record speaks the truth.

*State v. Michaels*, 11 N.C. App. 110, 112, 180 S.E.2d 442, 443 (1971) (internal quotation marks omitted).

We conclude that, where DSS files a motion for termination of parental rights, the trial court has subject matter jurisdiction only if the record includes a copy of an order, in effect when the petition is filed, that awards DSS custody of the child. This is implicitly recognized by N.C. Gen. Stat. § 7B-1104(5) (2005), which sets out the requirements for a petition for termination of parental rights, and provides in relevant part that the petition "shall set forth . . . (5) The name and address of any person or agency to whom custody of the juvenile has been given by a court of this or any other state; and a copy of the custody order shall be attached to the petition or motion." G.S. § 7B-1104(5) (emphasis added).

In the instant case, because the petition was not accompanied by a copy of the custody order then in effect, we conclude that the petition failed to confer subject matter jurisdiction on the trial court. This omission need not have been fatal if petitioner had simply amended the petition by attaching the proper custody order or otherwise ensured the custody order was made a part of the record before the trial court. Thus, it was the failure by DSS either to attach the custody order to the petition or to remedy this omission that ultimately deprived the court of subject matter jurisdiction.

"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). We conclude that, because the omission of the custody order from the petition was never remedied by amendment of the petition or later production of the order, the trial court never obtained subject matter jurisdiction. Accordingly, the orders for termination of parental rights are vacated without prejudice to petitioner's right to bring proper petitions before the Court.

Vacated.

Judges McCULLOUGH and TYSON concur.