640 S.E.2d 439 (2007)
In the Matter of W.L.M. & B.J.M., Minor Children.
No. COA06-834.
Court of Appeals of North Carolina.
February 6, 2007.
Lauren Vaughan, Lenoir, for Caldwell County Department of Social Services, petitioners-appellee.
Parker Poe Adams & Bernstein L.L.P., by William L. Esser, IV, Charlotte, for the Guardian ad Litem.
Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, Morganton, for respondent-mother-appellant.
JACKSON, Judge.
On 14 May 2004, the Caldwell County Department of Social Services ("DSS") filed juvenile petitions alleging that W.L.M. and B.J.M. were neglected and dependent as to both their mother ("respondent") and their father. Both parents stipulated that W.L.M. and B.J.M. were dependent juveniles, and in adjudication and disposition orders filed 11 August 2004, custody of the juveniles was placed with DSS. DSS had obtained nonsecure custody of the juveniles prior to the adjudication and disposition hearing. Multiple review hearings were held over the course of the next year, and in an order filed 29 March 2005, the permanent plan for the children was changed to adoption. On 17 May 2005, DSS filed a motion to terminate respondent's parental rights. After several continuances of the termination of parental rights hearing, the hearing was conducted on 2 November and 30 November 2005. In an order filed 22 November 2005, the trial court found that grounds existed to terminate respondent's parental rights, and in an order filed 5 December 2005, the trial court terminated respondent's parental rights after finding that it was in W.L.M. and B.J.M.'s best interest. Respondent appeals from the termination of her parental rights to W.L.M. and B.J.M.
We begin by noting that respondent has failed to assign error to any of the trial court's findings of fact, and as such, all are deemed binding on appeal. "`Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal.'" In re L.A.B., ___ N.C.App. ___, ___, 631 S.E.2d 61, 64 (2006) (quoting Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)).
Respondent first contends the trial court lacked subject matter jurisdiction over the termination of parental rights hearing because it did not comply with the time limits as set forth in North Carolina General Statutes, section 7B-1109. Section 7B-1109 provides in pertinent part:
The hearing on the termination of parental rights shall be conducted by the court sitting without a jury and shall be held in the district at such time and place as the chief district court judge shall designate, but no later than 90 days from the filing of the petition or motion unless the judge pursuant to subsection (d) of this section orders that it be held at a later time.
N.C. Gen.Stat. § 7B-1109(a) (2005). Section 7B-1109(d) provides that:
The court may for good cause shown continue the hearing for up to 90 days from the date of the initial petition in order to receive additional evidence including any reports or assessments that the court has requested, to allow the parties to conduct expeditious discovery, or to receive any other information needed in the best interests of the juvenile. Continuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice, and the court shall issue a written order stating the grounds for granting the continuance.
N.C. Gen.Stat. § 7B-1109(d) (2005). In the instant case, the motion to terminate respondent's parental rights was filed on 17 May 2005, and the initial hearing on the motion was held 2 November 2005, one hundred and sixty-nine days later. The order terminating respondent's parental rights subsequently was filed 5 December 2005, more than two hundred days after the filing of the initial motion to terminate respondent's parental rights. Respondent contends the delay in *442 conducting the termination hearing constitutes prejudice per se and as such, she is entitled to a new hearing. We disagree.
This Court has held that in order to require the reversal of a trial court's order due to a violation of the time requirements of section 7B-1109(a), a respondent must demonstrate prejudice resulting from the delay. In re S.W., 175 N.C.App. 719, 722, 625 S.E.2d 594, 596, disc. review denied, 360 N.C. 534, 635 S.E.2d 59 (2006). In respondent's case, the termination hearing initially was calendared for 13 July 2005, which would have been well within the required ninety day time frame. However, the hearing was continued until 24 August 2005 due to the unavailability of an essential witness. At a hearing held 24 August 2005, a second continuance was ordered due to the juveniles' father executing relinquishment of his parental rights. This continuance of the hearing until 7 September 2005 was consented to by all parties, including respondent. At a hearing held on 7 September 2005, respondent's termination hearing again was continued due to the primary social worker in the case having given birth two days earlier. On 5 October 2005, respondent's termination hearing was continued until 2 November 2005 due to the social worker's being on maternity leave. Each continuance granted by the trial court was necessary in order for all the essential parties to be present and to provide testimony and evidence at the termination hearing. At no time did respondent object to any delay or continuance. Respondent has failed to provide any argument as to how she, or the children, were specifically prejudiced by the delay. As such, respondent's assignment of error is overruled.
Respondent next argues the trial court erred in taking judicial notice of the prior orders and various court reports in the juveniles' underlying case files. At trial, respondent did not object to the trial court's taking judicial notice of the underlying juvenile case files for W.L.M. and B.J.M. and, therefore, has waived appellate review of this issue. N.C. R.App. P. 10(b)(1). Respondent objected only to the trial court's taking judicial notice of the underlying case file for the juveniles' sister, J.M. In response to respondent's objection, the trial court did not take judicial notice of J.M.'s underlying file.
In any event, this Court repeatedly has held that a trial court may take judicial notice of earlier proceedings in the same case. See In re J.W., K.W., 173 N.C.App. 450, 455-56, 619 S.E.2d 534, 539-40 (2005), aff'd, 360 N.C. 361, 625 S.E.2d 780 (2006); In re J.B., 172 N.C.App. 1, 16, 616 S.E.2d 264, 273 (2005); In re Isenhour, 101 N.C.App. 550, 553, 400 S.E.2d 71, 73 (1991). Moreover, the trial court "`is presumed to have disregarded any incompetent evidence.'" In re S.N.H., ___ N.C.App. ___, ___, 627 S.E.2d 510, 515 (2006) (quoting J.B., 172 N.C.App. at 16, 616 S.E.2d at 273).
The trial court's order of termination of parental rights states that the findings of fact are based upon clear, cogent and convincing evidence. Respondent has neither demonstrated how she was prejudiced by the trial court's consideration of the orders and reports from earlier proceedings in the case, nor has she pointed to any findings of fact or conclusions of law which were reached impermissibly due to a reliance on the underlying files. There is nothing in the record to indicate the trial court failed to conduct an independent determination of the facts and evidence warranting termination of respondent's parental rights. See J.B., 172 N.C.App. at 16, 616 S.E.2d at 273 (citing In re Ballard, 311 N.C. 708, 715-16, 319 S.E.2d 227, 232-33 (1984)). As such, respondent's assignment of error is overruled.
Respondent next contends the trial court lacked subject matter jurisdiction over the termination hearing based upon the motion to terminate respondent's parental rights being untimely filed pursuant to North Carolina General Statutes, section 7B-907. Section 7B-907 provides:
If a proceeding to terminate the parental rights of the juvenile's parents is necessary in order to perfect the permanent plan for the juvenile, the director of the department of social services shall file a petition to terminate parental rights within 60 calendar days from the date of the permanency planning hearing unless the court makes written findings why the petition *443 cannot be filed within 60 days. If the court makes findings to the contrary, the court shall specify the time frame in which any needed petition to terminate parental rights shall be filed.
N.C. Gen.Stat. § 7B-907(e) (2005). We previously have held that "the time limitation specified in [section] 7B-907(e) is directory rather than mandatory and thus, not jurisdictional." In re B.M., M.M., An.M., Al.M., 168 N.C.App. 350, 354, 607 S.E.2d 698, 701 (2005); see also In re C.L.C., K.T.R., A.M.R., E.A.R., 171 N.C.App. 438, 445, 615 S.E.2d 704, 708 (2005), aff'd and disc. review improvidently allowed, 360 N.C. 475, 628 S.E.2d 760 (2006). Absent a showing of prejudice as a result of the delay in filing the motion or petition seeking to terminate respondent's parental rights, the trial court will not be reversed. See C.L.C., 171 N.C.App. at 445, 615 S.E.2d at 708; In re As.L.G. & Au.R.G., 173 N.C.App. 551, 555-56, 619 S.E.2d 561, 564-65 (2005), disc. review improvidently allowed, 360 N.C. 476, 628 S.E.2d 760 (2006).
In the instant case, a review hearing was held 23 February 2005, at which time the permanent plan for the juveniles was changed to that of adoption. DSS subsequently filed the motion to terminate respondent's parental rights on 17 May 2005, eighty-three days after the date of the hearing and in violation of section 7B-907(e). All parties acknowledge that the motion to terminate respondent's parental rights was untimely filed in violation of section 7B-907(e); however, respondent has failed to present any argument as to how this delay prejudiced her or any other party to the matter. As respondent has failed to demonstrate how she was prejudiced, we hold the trial court was not divested of subject matter jurisdiction over this matter, and we will not reverse the trial court's order based upon DSS' failure to comply with this statutory time frame. Respondent's assignment of error is overruled.
Finally, respondent contends the motion to terminate her parental rights was void ab initio and conferred no subject matter jurisdiction upon the trial court on the grounds that no order conferring custody of the children upon DSS was attached to the motion. North Carolina General Statutes, section 7B-1104(5) provides that the petition or motion seeking to terminate an individual's parental rights shall contain "[t]he name and address of any person or agency to whom custody of the juvenile has been given by a court of this or any other state; and a copy of the custody order shall be attached to the petition or motion." N.C. Gen.Stat. § 7B-1104(5) (2005).
As this Court has noted, "[s]ubject matter jurisdiction refers to the power of the court to deal with the kind of action in question. . . . [and] is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C.App. 666, 667, 353 S.E.2d 673, 675 (1987). Subject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal. See In re T.R.P., 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006). "`[B]efore a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question.'" In re McKinney, 158 N.C.App. 441, 444, 581 S.E.2d 793, 795 (2003) (quoting In re Transportation of Juveniles, 102 N.C.App. 806, 808, 403 S.E.2d 557, 558 (1991)). North Carolina General Statutes, section 7B-1103 identifies the parties with standing to petition the trial court for termination of parental rights, see N.C. Gen.Stat. § 7B-1103 (2005), and "to have standing to file for termination of parental rights, DSS must prove that it has legal custody of the child at the time the petition is filed." In re T.B., ___ N.C.App. ___, ___, 629 S.E.2d 895, 897 (2006).
In support of her argument, respondent relies upon In re Z.T.B., 170 N.C.App. 564, 613 S.E.2d 298 (2005), in which this Court held that failure to comply with this statutory mandate divests the trial court of subject matter jurisdiction. Id. at 570, 613 S.E.2d at 301. We find respondent's reliance on Z.T.B. to be misplaced.
In Z.T.B., we held that the petition to terminate the father's parental rights was facially defective in that it failed to confer subject matter jurisdiction upon the trial *444 court due to the failure to attach an existing custody order to the petition. Id. at 570, 613 S.E.2d at 301. The facts of Z.T.B. are wholly distinguishable from those in the instant case, and thus we hold that Z.T.B. is not controlling in the present situation. In Z.T.B., the issue of where the child was physically located and who had legal custody was very much in question at the time the petition to terminate the father's parental rights was filed. This was not the case with W.L.M. and B.J.M.
In In re T.B., ___ N.C.App. ___, 629 S.E.2d 895 (2006), this Court recently held that "where DSS files a motion for termination of parental rights, the trial court has subject matter jurisdiction only if the record includes a copy of an order, in effect when the petition is filed, that awards DSS custody of the child." Id. at ___, 629 S.E.2d at 897. The Court in T.B. went on to hold that the error of failing to attach a custody order may be remedied by making the custody order "a part of the record before the trial court." Id. at ___, 629 S.E.2d at 898.
In the instant case, there is no indication that DSS attached a copy of any custody order to the motion to terminate respondent's parental rights. However, there is also no indication that respondent was unaware of the placement or custody of W.L.M. and B.J.M. at any time during the pendency of this matter. Similarly, the motion stated that
The Caldwell County Department of Social Services was given legal custody of the minor children, who presently reside in foster care in Caldwell County, North Carolina, pursuant to the issuance of a Non-Secure Custody Order on May 13, 2004. They have been in the custody of the Movant continuously since that date.
Thus, unlike in T.B., the motion to terminate respondent's parental rights incorporated by reference the juvenile file and custody order in effect when the motion was filed. The numerous orders in the record note that respondent, her attorney, and her guardian ad litem were all present at each review hearing in which custody was granted to and continued with DSS. Moreover, the complete underlying case files for W.L.M. and B.J.M. were before the trial court, including the orders providing DSS with initial and continuing custody. The trial court specifically took judicial notice of the underlying case files, and as such, "the record include[d] a copy of an order, in effect when the [motion was] filed, that award[ed] DSS custody of the child[ren]." T.B., ___ N.C.App. at ___, 629 S.E.2d at 897.
While ideally a custody order should be attached to all motions or petitions seeking to terminate a parent's rights, we hold that in the instant case respondent was not prejudiced by the lack of a custody order being attached to the motion. The record before the trial court contained a custody order awarding DSS custody of the children, and thereby DSS showed that it had standing to file for termination of respondent's parental rights. In addition, respondent has failed to demonstrate that she was prejudiced in any way by DSS' failure to physically attach a custody order to the motion seeking to terminate her parental rights. There was no question concerning where W.L.M. and B.J.M. were physically located or who had legal custody over them. Respondent's final assignment of error is also overruled.
Affirmed.
Judges CALABRIA and GEER concur.