643 S.E.2d 672 (2007)
In the Matter of D.J.G., Minor Child.
No. COA06-973.
Court of Appeals of North Carolina.
May 1, 2007.
Hockaday & Hockaday, P.A., by Daniel M. Hockaday, Burnsville, for petitioner-appellee.
Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, Morganton, for respondent-appellant.
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Michael E. Weddington, Raleigh, for guardian ad litem-appellee.
GEER, Judge.
Respondent mother appeals from an order of the district court terminating her parental rights with respect to her minor child, "Dennis."[1] On appeal, respondent mother makes only two arguments: (1) that the trial court lacked subject matter jurisdiction because the petitioner, Yancey County Department of Social Services ("DSS"), attached only a preliminary non-secure custody order to the motion to terminate her parental rights and (2) that she suffered prejudice per se when the trial court failed to conduct the termination *673 hearing within 90 days of the filing of the motion. Similar contentions have previously been rejected by this Court, and, accordingly, we affirm the trial court's order.
On 14 November 2003, DSS filed a juvenile petition in the Yancey County District Court alleging that Dennis was an abused, neglected, and dependent juvenile. Dennis was immediately placed in the custody of DSS. The trial court adjudicated Dennis to be a neglected juvenile on 30 December 2003, maintained custody with DSS, and required DSS to make reasonable efforts to seek reunification of Dennis with his parents.
On 19 August 2004, the trial court entered an order relieving DSS of any duty to try to reunify Dennis with his purported biological father. A year later, on 17 June 2005, the trial court signed an order relieving DSS of any duty to make reasonable efforts to reunify Dennis with respondent mother and changed Dennis' permanent plan to adoption or guardianship.
On 1 July 2005, DSS filed a motion seeking to terminate the parental rights of respondent mother, Dennis' purported biological father, and "any unknown fathers." In a hearing on 23 August 2005, the trial court allowed the request of respondent mother's counsel to withdraw, based upon a conflict between counsel and the mother, and appointed new counsel. The court also granted respondent mother a 30-day extension to file any responsive pleadings and continued the termination of parental rights hearing until 10 October 2005. The order reflecting those rulings was entered on 14 September 2005. Following a hearing on 10 October 2005, the court noted in an order entered 8 November 2005, that the mother had requested certain items in discovery and continued the hearing until 14 November 2005. The 14 November 2005 hearing was continued until a peremptory two-day setting beginning 12 December 2005 because of insufficient time to fully hear the motion for termination of parental rights on 14 November 2005.
Following the hearing on 12 and 13 December 2005, the trial court entered an order on 10 January 2006 finding two grounds justifying termination of parental rights: (1) neglect and (2) the fact that Dennis' parents had willfully left him in foster care for more than 12 months without making reasonable progress under the circumstances. After concluding that termination of parental rights was in Dennis' best interests, the trial court terminated the rights of respondent mother, his purported biological father, and any unknown fathers. Respondent mother timely appealed.
Respondent mother first argues that the trial court lacked subject matter jurisdiction because the motion to terminate her parental rights attached only the 20 November 2003 order from the seven-day hearing extending non-secure custody with DSS. According to respondent mother, this order was insufficient to comply with the requirement of N.C. Gen.Stat. § 7B-1104(5) (2005) that "a copy of the custody order shall be attached to the petition or motion" for termination of parental rights.
We need not decide whether the seven-day order was sufficient under § 7B-1104(5) because the trial court admitted into evidence the order resulting from the hearing initially adjudicating Dennis to be a neglected child and awarding custody to DSS. This Court has previously held that the failure to attach a custody order to a motion or petition for termination of parental rights does not deprive the trial court of subject matter jurisdiction if the record before the trial court "includes a copy of an order, in effect when the petition is filed, that awards DSS custody of the child." In re T.B., ___ N.C.App. ___, ___, 629 S.E.2d 895, 897 (2006). See also In re W.L.M., ___ N.C.App. ___, ___, 640 S.E.2d 439, 444 (2007) (holding that trial court had subject matter jurisdiction, despite failure to attach custody order to motion to terminate, when motion referred to juvenile file and custody order in effect when motion was filed, there was no dispute over who had custody, and trial court took judicial notice of underlying case files that included custody order). Accordingly, we overrule this assignment of error.
Respondent mother next argues that the trial court erred by failing to hold the termination hearing within 90 days of the filing of the motion to terminate in violation of N.C. Gen.Stat. § 7B-1109(a) (2005). We note that respondent's suggestion that violations of statutory time limitations deprive a *674 trial court of subject matter jurisdiction is contrary to the well-established law. "[T]ime limitations in the Juvenile Code are not jurisdictional in cases such as this one and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., 171 N.C.App. 438, 443, 615 S.E.2d 704, 707 (2005), aff'd per curiam in part and disc. review improvidently allowed in part, 360 N.C. 475, 628 S.E.2d 760 (2006). Respondent has made no serious effort to establish prejudice, but rather has argued that the late filing resulted in prejudice per sea contention consistently rejected by this Court. See In re S.W., 175 N.C.App. 719, 722, 625 S.E.2d 594, 596 (holding respondent must show prejudice to obtain reversal following an untimely termination of parental rights hearing), disc. review denied, 360 N.C. 534, 635 S.E.2d 59 (2006).
In any event, the record reveals no violation of N.C. Gen.Stat. § 7B-1109(a). The petition in this case was filed on 1 July 2005. On 14 September 2005within the 90-day requirementthe trial court continued the termination hearing until the 10 October 2005 term of court because of the need to appoint new counsel for respondent mother and allow time for responsive pleadings. The hearing was next continued to allow respondent mother discovery and was continued a third time to allow sufficient time to fully hear the case. Each time, the court entered an order specifying the reasons for the continuance. N.C. Gen.Stat. § 7B-1109(d) specifically provides:
The court may for good cause shown continue the hearing for up to 90 days from the date of the initial petition in order to receive additional evidence including any reports or assessments that the court has requested, to allow the parties to conduct expeditious discovery, or to receive any other information needed in the best interests of the juvenile. Continuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice, and the court shall issue a written order stating the grounds for granting the continuance.
Since the court entered written orders stating the reasons for the continuance, including discovery and circumstances relating to the proper administration of justice, the hearing was not untimely under N.C. Gen.Stat. § 7B-1109(a).
Respondent mother nevertheless argues that these continuances were insufficient to extend the 90-day time limitation of N.C. Gen.Stat. § 7B-1109(a), because only the chief district court judge may order continuances. We cannot agree with this interpretation of the statute, which provides:
The hearing on the termination of parental rights shall be conducted by the court sitting without a jury and shall be held in the district at such time and place as the chief district court judge shall designate, but no later than 90 days from the filing of the petition or motion unless the judge pursuant to subsection (d) of this section orders that it be held at a later time.
N.C. Gen.Stat. § 7B-1109(a). We hold that nothing in this statute precludes the trial judge assigned to hear the case from granting a continuance under N.C. Gen.Stat. § 7B-1109(d). Indeed, as N.C. Gen.Stat. § 7B-1109(d) recognizes, the judge presiding over a hearing must be able to exercise his or her discretion to continue a hearing if circumstances warrant it. See N.C. Gen.Stat. § 7B-1109(d) (noting that "[t]he court may for good cause shown continue the hearing" (emphasis added)). See In re T.M., ___ N.C.App. ___, ___, 638 S.E.2d 236, 240 (2006) (rejecting identical argument regarding chief district court judge made with respect to N.C. Gen.Stat. § 7B-801(c) (2005)). This assignment of error is, therefore, overruled.
Respondent mother's remaining assignments of error, contesting various findings and conclusions made by the trial court, have not been brought forward or argued in her brief. Accordingly, we deem them to be abandoned. N.C.R.App. P. 28(b)(6).
Affirmed.
Judges CALABRIA and JACKSON concur.
NOTES
[1] The pseudonym "Dennis" will be used throughout the opinion to protect the child's privacy.