IN RE: B.M.A.
No. COA08-454
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication.
No brief filed for petitioner-appellee.
No brief filed for guardian ad litem.
Christy E. Wilhelm, for respondent-appellant.
WYNN, Judge.
Respondent-appellant is the father of B.M.A., the juvenile at issue in this appeal. He appeals from an order terminating his parental rights to the child. Upon careful review of his appeal, we affirm the trial court's order of termination.
On 20 October 2005, the Burke County Department of Social Services filed a juvenile petition alleging that B.M.A. and her younger half sibling were neglected and dependent juveniles. On 20 March 2006, the court adjudicated the juveniles neglected and dependent, and placed them in the custody of the Burke County Department of Social Services. On 7 May 2007, the maternal grandparents ("Petitioners") of B.M.A. petitioned to terminate Respondent's parental rights. After a hearing, the court entered an order on 15 February 2008 terminating Respondent's parental rights on the grounds that (1) Respondent failed to pay for the care, support, and education of the minor child for more than one year without justification; and (2) Respondent is incapable of providing for the proper care and supervision of the child such that the minor is a dependent juvenile.
The court's findings of fact show that the juvenile's mother relinquished her parental rights in order that Petitioners may legally adopt the juvenile, who has been in Petitioners' physical custody since 2004. The court further found that Petitioners adopted the juvenile's younger half brother. The juvenile is a straight-A student in the fourth grade.
Respondent has been incarcerated since 2001. Following his conviction of first-degree murder, he began serving a life sentence without parole in 2002. Respondent has had no communication with the juvenile since she began living with Petitioners and he has been directed by the court not to communicate with the juvenile. Further, he has not paid any child support, although he earns $2.80 per week while working within the Department of Corrections.
The juvenile has not had any contact with Respondent since 2001. Neither Respondent nor anyone on his behalf has mailed any cards or letters to the juvenile since Respondent has been incarcerated in the Department of Corrections. Given that there is no possibility of parole or release, it is not possible for Respondent to have contact with the child away from the Department of Corrections before she reaches the age of majority. The court's findings of fact also show that the juvenile desires to be adopted by Petitioners, just as her half-brother was adopted by them in April 2007. The juvenile has been with Petitioners for a considerable amount of time, since 2004. She is living in a stable environment and is doing extremely well. At the recommendation of her therapist, she has not had any contact with Respondent or his family. The court acknowledged the desire of Respondent's mother and family to be involved in the child's life. The court, however, believed that contact by Respondent or his family is not in the best interests of the child and, "in fact, would be detrimental to the minor child" and that the child "does not need the presence [sic] stability she enjoys to be interrupted by the Respondent, his family, or any other persons." The court concluded that it is in the best interests of the child to terminate Respondent's parental rights.
A party petitioning to terminate parental rights "must show by clear, cogent, and convincing evidence that grounds authorizing the termination of parental rights exist." In re Young, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997). The task of the appellate court in reviewing the trial court's order is to determine "whether the findings of fact are supported by clear, cogent and convincing evidence" and whether the conclusions of law are supported by these findings. In re Clark, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). The appellate court is bound by the trial judge's findings of fact "where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." In re Montgomery, 311 N.C. 101, 110-111, 316 S.E.2d 246, 252-53 (1984) (citations omitted). If the findings of fact support a conclusion that one of the statutory grounds exists for terminating parental rights, then the order will be affirmed. In re Humphrey, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003).
On appeal, Respondent contends that: (I) the court's findings of fact are not supported by clear, cogent, and convincing evidence; (II) the court's findings of fact do not support the conclusions of law that grounds exist to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(4) & (6) (2007); (III) the court erred by failing to hold the termination hearing within 90 days after the filing of the petition as required by N.C. Gen. Stat. § 7B-1109(a) (2007); and (IV) the court violated his due process rights by relying upon incompetent hearsay and evidence presented without proper or sufficient foundation.

I.
Respondent first challenges the court's findings that the child's counselor has recommended Respondent's mother not have visitation with her grandchild; Respondent is currently employed, earning $2.80 per week, but has not paid any monies for the child's support; the child has not had any contact with Respondent since his incarceration; it is not possible for Respondent to have contact with the minor child outside of the Department of Corrections before she reaches the age of majority; contact by Respondent, his mother or family will be detrimental to the child;and, the child does not need to have her stability interrupted by Respondent, his family, or other persons.
We find evidentiary support for these findings in the testimony of Respondent, the maternal grandmother, and the guardian ad litem. Respondent testified that he last saw the child in 2001; he has been incarcerated since 2001; he is serving a life sentence without parole; he will never be able to support the child and that he has not supported the child for more than five years; and, he will not be able to provide any care or supervision for the child at any time. The child's maternal grandmother testified that Respondent has done nothing for the child since she came into her care in 2004; she has taken the child to see a therapist; the court has ordered Respondent not to have contact with the child unless recommended by the therapist; and the child does not know Respondent is her natural father. The child's guardian ad litem also testified that the child does not know Respondent, the child is in a stable home, and she is living with the parental figures to which she is most accustomed.

II.
Respondent next contends that the court's findings of fact do not support the conclusions of law that grounds exist to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(4) (failure to pay for the support of the child), and N.C. Gen. Stat. § 7B-1111(a)(6) (incapability to provide for the proper care and supervision of the child such that she is a dependent juvenile within the meaning of N.C. Gen. Stat. § 7B-101 (2007)). First, we address the question of whether the findings of fact support the court's determination that grounds exist to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(6). According to the statute, the court is permitted to terminate parental rights when the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future.
N.C. Gen. Stat. § 7B-1111(a)(6). The court's findings in the case at bar show that Respondent is incapable of providing for the proper care and supervision of the juvenile because of his incarceration for life without the possibility of parole or release, and that this incapability will continue for the duration of the juvenile's minority. Thus, we conclude these findings support the court's conclusion of law.
Having determined that the findings of fact support termination of Respondent's parental rights on one ground, we need not consider whether the findings support termination based on Respondent's failure to pay for the support of the child. In re P.L.P., 173 N.C. App. 1, 13, 618 S.E.2d 241, 246 (2005), aff'd per curiam, 360 N.C. 360, 625 S.E.2d 779 (2006).

III.
Respondent next contends that the court erred by failing to hold the termination hearing within 90 days after the filing of the petition as required by N.C. Gen. Stat. § 7B-1109(a). This statute provides that the termination hearing shall be held "no later than 90 days from the filing of the petition or motion unless the judge pursuant to subsection (d) of this section orders that it be held at a later time." N.C. Gen. Stat. § 7B-1109(a). Subsection (d) allows the court to continue the hearing for up to 90 days from the date of the initial petition in order to receive additional evidence including any reports or assessments that the court has requested, to allow the parties to conduct expeditious discovery, or to receive any other information needed in the best interests of the juvenile.
N.C. Gen. Stat. § 7B-1109(d). To obtain appellate relief due to noncompliance with the foregoing time requirement, an aggrieved party must demonstrate that prejudice resulted from the delay. In re S.W., 175 N.C. App. 719, 722, 625 S.E.2d 594, 596, disc. review denied, 360 N.C. 534, 635 S.E.2d 59 (2006).
The record shows that after this petition was filed on 7 May 2007, Respondent filed a motion on 24 July 2007 seeking an extension of time to file an answer. On 14 September 2007, the court entered an order appointing a guardian ad litem. On 21 September 2007, Petitioners filed a motion to amend the petition and on 25 October 2007, Respondent signed a consent order in which he consented to amendment of the petition. Respondent filed an answer to the amended petition on 30 October 2007. When the case was called for hearing on 3 January 2008, Respondent appeared in court and requested a continuance because a witness was not available. The court allowed the motion, and on 7 February 2008, commenced the hearing. The delays in this case were necessary for "the proper administration of justice," as they permitted Respondent to file an answer, Petitioners to amend the petition, the guardian ad litem to be represented by an attorney, and Respondent to have a witness at the hearing. Further, Respondent contributed to the delays by seeking an extension of time to file an answer, by consenting to the motion to amend the petition, and by seeking a continuance of the hearing. The record does not show that Respondent ever objected to the delays. Although Respondent argues the delay was prejudicial in "further distancing him" from the juvenile, Respondent presents no evidence to support this contention. Under these circumstances, we conclude Respondent was not prejudiced by the delay. See In re W.L.M., 181 N.C. App. 518, 522, 640 S.E.2d 439, 442 (2007) (concluding the Respondent failed to show prejudice when each continuance granted by the trial court permitted all of the essential parties to be present and provide testimony and evidence at the termination hearing, and the Respondent never objected to any delay or continuance).

IV.
Respondent's final contention is that the court violated his due process rights by relying upon incompetent hearsay and evidence presented without proper or sufficient foundation. Respondent argues the court improperly considered the opinion of the child's therapist, who never appeared before the court, but submitted two letters indicating his opinion. "In a bench trial, the court is presumed to disregard incompetent evidence. Where there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." In re McMillon, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175 (citations omitted), disc. review denied, 354 N.C. 218, 554 S.E.2d 341 (2001). To prevail on appeal, "an appellant must show that the court relied on the incompetent evidence in making its findings." In re Huff, 140 N.C. App. 288, 301, 536 S.E.2d 838, 846 (2000) (internal quotation marks and citation omitted), disc. review denied, 353 N.C. 374, 547 S.E.2d 9, (2001) .
Although Respondent alleges the trial court adopted this evidence "in all of its orders," Respondent provides no references to the record or transcript and makes no argument indicating the basis for this contention. On review of the record, the court appears to have only relied on the therapist's statements as an explanation for the court's prior decision to disallow contact between the juvenile and Respondent. Accordingly, we conclude that the admission of this evidence was not prejudicial to Respondent.
Affirmed.
Judges Bryant and Calabria concur.
Report per Rule 30(e).