IN RE: K.W., Minor Child.
No. COA06-1171
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Beverly D. Basden, P.C., by Beverly D. Basden, for petitioner-appellee.
Kathleen Arundell Widelski, for guardian ad litem.
Don Willey, for respondent-appellant.
MARTIN, Chief Judge.
Respondent-father, D.W., appeals from an order terminating his parental rights to the minor child, K.W., on grounds that he neglected the child and left the child in foster care for a period of twelve months without making reasonable progress toward correcting the conditions which led to the child's placement. N.C. Gen. Stat. §§ 7B-1111(a)(1), (2) (2005). In his appeal, respondent-father contends petitioner, Iredell County Department of Social Service ("DSS"), lacked standing to initiate termination proceedings in this cause under N.C. Gen. Stat. § 7B-1103(a)(3) (2006). We affirm. The record reflects that K.W. was born in early 2003. DSS obtained nonsecure custody of the child from respondent-mother S.N.R. on 23 April 2004. At the time DSS became involved with K.W.'s case, respondent-father had been incarcerated since mid-2003 for probation violations committed after the child's birth. At the time of the termination hearing in mid-2006, he was scheduled to be released from prison in 2007. Respondent-father contributed nothing toward K.W.'s care and had no relationship with the child. The record also includes a 17 February 2004 order terminating respondent-father's parental rights to a second child, D.D.J., based on his continued drug use, lack of stable employment or housing, non-payment of court-ordered child support, and failure to attend scheduled visitations.
On 23 April 2004, DSS filed a petition alleging that K.W. was a neglected and dependent juvenile. The district court heard the petition on 17 August 2004, adjudicated K.W. a neglected and dependent juvenile, and awarded custody to DSS. However, the court failed to enter its written order until 24 May 2006. In the interim, DSS maintained custody of the child, ultimately filing its petition to terminate the parental rights of both respondent-parents on 11 January 2006.
Respondent-father now claims DSS lacked standing to file the termination petition on 11 January 2006, because the district court did not enter its original adjudication of K.W.'s neglect and dependency until 12 May 2006, four months after the petition was filed. We disagree. A party's standing to institute termination of parental rights proceedings is defined by the applicable provisions of our Juvenile Code as follows:
(a) A petition or motion to terminate the parental rights of either or both parents to his, her, or their minor juvenile may only be filed by one or more of the following:
. . . .
(3) Any county department of social services, consolidated county human services agency, or licensed child-placing agency to whom custody of the juvenile has been given by a court of competent jurisdiction.
N.C. Gen. Stat. § 7B-1103 (2005). Interpreting this provision, this Court has held that in order for DSS to have "standing to file for termination of parental rights, DSS must prove that it has legal custody of the child at the time the petition is filed." In re T.B., ___ N.C. App. ___, ___, 629 S.E.2d 895, 897 (2006). Therefore, "where DSS files a motion for termination of parental rights, the trial court has subject matter jurisdiction only if the record includes a copy of an order, in effect when the petition is filed, that awards DSS custody of the child." Id. (emphasis added).
As noted above, DSS filed its petition to terminate respondents' parental rights on 11 January 2006. Attached to the petition was a review order entered by the district court on 6 April 2005, ordering "[t]hat legal and physical custody [of K.W.] remain with the Iredell County Department of Social Services with said Department having placement authority." The order further relieved DSS of further reunification efforts and provided that the permanent placement plan for the child was "TPR/Adoption." Respondent-father does not purport to have appealed from the 6 April 2005 order, or from any prior order of the district court affecting K.W.'s custody or permanent placement plan. See generally In re Weiler, 158 N.C. App. 473, 477, 581 S.E.2d 134, 136-37 (2003); N.C. Gen. Stat. § 7B-1001(3) (2005). Having filed its petition while vested with legal and physical custody of the minor child by an order of the district court, DSS had standing to file the petition pursuant to N.C. Gen. Stat. § 7B-1103(a)(3). See In re T.B., ___ N.C. App. at ___, 629 S.E.2d at 896-97. Accordingly, we overrule respondent-father's assignment of error.
The record on appeal includes additional assignments of error not addressed by respondent-father in his brief to this Court. By Rule, we deem them abandoned. N.C.R. App. P. 28(b)(6).
Affirmed.
Judges McCULLOUGH and LEVINSON concur.
Report per Rule 30(e).