IN RE: R.C.H. and B.R.H., Minor Children.
No. COA07-621
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Stephen M. Schoeberle, for petitioner-appellee, Burke County Department of Social Services,
Mary R. McKay, attorney-advocate, for guardian ad litem appellee.
Michael E. Casterline, for respondent-appellant mother.
Janna D. Allison, for respondent-appellant father.
CALABRIA, Judge.
S.H. ("respondent-mother") and C.H. ("respondent-father") (collectively, the "respondents") are the legal parents of R.C.H. and B.R.H. (hereinafter, "the minor children" or "Reba" and "Betty"),[1] ages eleven and eight at the time the petitions were filed on 1 December 2004. The minor children were placed in nonsecure custody with the Burke County Department of Social Services ("DSS"). On 15 March 2005, the court adjudicated the minor children as neglected and continued custody with DSS. On 4 May 2006, DSS filed a motion to terminate the respondents' parental rights. After a hearing on 12 March 2007, the trial court found grounds to terminate respondents' parental rights. The trial court found that respondents (1) neglected the children and there was a substantial likelihood that the neglect would be repeated if the children were returned to respondents' custody, and (2) willfully left the children in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made in correcting the conditions which led to the removal of the children. Respondents filed timely notices of appeal from this order.

Mother's Appeal
Respondent-mother contends that the court lacked subject matter jurisdiction because the motion to terminate parental rights did not allege specific facts sufficient to support termination of her parental rights as required by N.C. Gen. Stat. § 7B-1104(6) (2005). We disagree.
Subject matter jurisdiction "refers to the power of the court to deal with the kind of action in question," and "is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). By statute, the district court is vested with exclusive original jurisdiction over proceedings to terminate parental rights. N.C. Gen. Stat. § 7B-200(a)(4) (2005). More specifically, N.C. Gen. Stat. § 7B-1101 (2005) provides that the district court "shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion." The issue of whether the court has subject matter jurisdiction may be raised for the first time on appeal. In re T.B., 177 N.C. App. 790, 791, 629 S.E.2d 895, 896-97 (2006). This Court requires a petition to state facts sufficient to warrant a determination that one or more grounds exist for terminating parental rights as required by N.C. Gen. Stat. § 7B-1104(6). A challenge to a petition must be made by a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See In re H.L.A.D., N.C. App. ___, ___, 646 S.E.2d 425, 434 (2007). A Rule 12(b)(6) motion may not be raised for the first time on appeal. Id.
Respondent does not contend the court lacked the power "to deal with the kind of action in question" or that the court lacked jurisdiction over the juveniles. Her argument focuses solely upon the failure of the petition to allege particularized facts to support the allegations (1) respondents have neglected the children by failing to protect them from repeated sexual abuse, and (2) respondents have willfully left the minor children in foster care for more than 12 months without showing satisfactory progress in correcting the conditions which led to the removal of the minor children in that respondents have failed to demonstrate an understanding of, or ability to protect the children from, sexual abuse. Respondent-mother could have challenged the petition by making a Rule 12(b)(6) motion prior to the termination hearing. Respondent-mother failed to do so. Since the motion to dismiss for failure to state a claim upon which relief can be granted was not made in the court below, it is not properly before us and this assignment of error is overruled.

Father's Appeal
Respondent-father assigns error to the court's conclusion of law that grounds exist to terminate parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and N.C. Gen. Stat. § 7B-1111(a)(2) in that (1) they have neglected the minor children and there is a substantial likelihood that such neglect would be repeated if the children were to be returned to them and, (2) they have willfully left the children in foster care for more than 12 months without showing to the satisfaction of the court that reasonable progress has been made in correcting the conditions which led to the removal of the children.
There are two phases in hearings to terminate parental rights: (1) the adjudication phase, governed by N.C. Gen. Stat. § 7B-1109 (2005); and (2) the disposition phase, governed by N.C. Gen. Stat. § 7B-1110 (2005). In re Baker, 158 N.C. App. 491, 493, 581 S.E.2d 144, 146 (2003). Findings made by the trial court in the adjudicatory phase must be supported by clear, cogent and convincing evidence, and the findings must support a conclusion that at least one statutory ground for termination of parental rights exists. In re Shermer, 156 N.C. App. 281, 285, 576 S.E.2d 403, 406 (2003).
The standard of review on appeal is whether the trial court's findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings of fact. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied and appeal dismissed, 353 N.C. 374, 547 S.E.2d 9 (2001). Findings of fact supported by competent evidence are binding on appeal even though there may be evidence to the contrary. In re Williamson, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988). A trial court only needs to find one statutory ground for termination before proceeding to the dispositional phase of the hearing. N.C. Gen. Stat. § 7B-1111(a) (2005);Shermer, 156 N.C. App. at 285, 576 S.E.2d at 406 (2003). In the dispositional phase, the trial court determines whether termination of parental rights is in the best interests of the child. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001).
Parental rights may be terminated if the parent has neglected the juvenile. N.C. Gen. Stat. § 7B-1111(a)(1) (2005). A neglected juvenile is defined as one "who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker." N.C. Gen. Stat. § 7B-101(15) (2005). "In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home . . . where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home." Id. Termination of parental rights on the ground of neglect must be based on evidence showing neglect at the time of the termination proceeding. In re Ballard, 311 N.C. 708, 716, 319 S.E.2d 227, 232 (1984). When a child has not been in the custody of the parent for a significant period of time prior to the termination hearing, the requisite finding of neglect at the time of the hearing may be based upon a showing of a "history of neglect by the parent and the probability of a repetition of neglect." Shermer, 156 N.C. App. at 286, 576 S.E.2d at 407.
Respondent-father argues that the conditions have changed. Specifically, he asserts that the perpetrators of sexual abuse upon the juveniles have relocated and there is not a substantial likelihood that neglect would be repeated if the minor children were returned to the home. This argument is not persuasive.
Respondent-father acknowledges that the godfather of the children continues to reside in respondents' home. The court's findings of fact show that respondents allowed the girls to sleep in a bedroom with the godfather with no supervision by respondents. The godfather took the minor children, with respondents' acquiescence, to visit another family member, the perpetrator of sexual abuse upon the minor children who was adjudicated delinquent, and committed to the Alexander Children's Home. On another occasion, the godfather took a third female child to visit the perpetrator and failed to disclose to the third female why the perpetrator was adjudicated delinquent and committed to the home.
The findings of fact also show that although respondents were aware that both girls had been sexually assaulted in 2003 by a cousin who was residing in the respondents' home, respondents continued to allow various related and unrelated males to reside in their home. After Reba notified respondent-mother that an adult male cousin was sexually abusing her, respondent-mother observed the adult male cousin lying on a couch with Reba but respondent-mother failed to ask the cousin to leave. Both parents believe that Reba is a "pathological liar" and they are not inclined to believe anything she says; thus, if she is returned to their home, it is unlikely they will believe Reba if she reported any sexual abuse.
The court further found that the respondent-father is also an alleged sex offender, having allegedly sexually abused a child multiple times when she was eight to fourteen years old. The victim told respondent-mother about the abuse, and she testified in court on 9 March 2006 about the abuse. Respondent-father has not sought specific evaluation or treatment for sex offenders and respondent-mother has not encouraged him to undergo such evaluation.
Finally, the court found, in pertinent part, that respondents allowed the minor children to reside in a culture of abuse. Although the parents attended non-offending sexual abuse classes and parenting classes, they have no insight regarding the nature of the abuse that the minor children have suffered and the dynamics of the delayed disclosure of sexual abuse. More importantly, they are not in a position to protect the minor children from further sexual abuse.
Although respondent-father listed assignments of error in the record on appeal challenging findings of fact, he did not argue the assignments of error listed in his brief. Therefore, he is deemed to have abandoned any challenge to these findings of fact. In re B.D., 174 N.C. App. 234, 239, 620 S.E.2d 913, 916 (2005),disc. review denied, 360 N.C. 289, 628 S.E.2d 245 (2006). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." In re L.A.B., 178 N.C. App. 295, 298, 631 S.E.2d 61, 64 (2006) (quoting Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)).
We hold the trial court's findings of fact support the court's conclusion of law that the children are neglected and that there is a substantial likelihood the neglect will be repeated if the children are returned to respondents' home.
Although respondent-father challenged another ground found by the trial court to support the conclusion to terminate, we need not review the other ground since we affirm the trial court's conclusion as to the existence of one ground for the termination of his parental rights. See In re Davis, 116 N.C. App. 409, 413, 448 S.E.2d 303, 305, disc. review denied, 338 N.C. 516, 452 S.E.2d 808 (1994).

Conclusion
The order terminating respondents' parental rights is affirmed.
Affirmed.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] To protect the privacy of the juveniles, we refer to them by the pseudonyms of "Reba" and "Betty."